**RADIO KBUY, INC., Appellant,**

**v.**

**Della Burk LIEURANCE, Appellee.**

**No. 7453.**

Court of Civil Appeals of Texas.

Amarillo.

March 29, 1965.

Lumpkin, Watson, Dunlap & Smith, Amarillo, for appellant.

Sanders, Scott, Saunders, Brian & Humphrey, Amarillo, for appellee.

CHAPMAN, Justice.

This is a case involving fact situations tried to the court based upon a suit upon an open account filed by Radio KBUY, Inc., for radio advertising furnished Amarillo Furniture Company. The company was at all times material herein a corporation, duly chartered on October 16, 1952. Its president and principal stockholder was Della Burk Lieurance, its secretary was William R. Curtis, and the other director was Ella Burk Rogers, who owned twenty-five per cent interest in the corporation.

Appellant sought personal judgment against Mrs. Lieurance, the corporation apparently being defunct at the time of trial.

After the evidence was completed the court rendered judgment for Radio KBUY against Amarillo Furniture Company for $650.00, the amount of the account, for attorney's fees in the sum of $300.00, and for interest on the entire amount at the rate of six per cent per annum from date of judgment until paid, plus all costs of court.

As against appellant's effort to take a judgment against Mrs. Lieurance personally, a take-nothing judgment was rendered. It is from such judgment appeal is perfected to this court upon fifty points of error. The

first group of points appear to urge the no-evidence and great weight and preponderance of the evidence questions to the court's findings and conclusions and the judgment rendered thereon to the effect that appellant furnished advertising time to Amarillo Furniture Company rather than Della Burk Lieurance personally.

Though KBUY's manager, Mr. McLaughlin, testified he sold the advertising time to Mrs. Lieurance, the statement of facts shows the account was with Amarillo Furniture, billed to Amarillo Furniture Company and that the checks representing the payments on the account were made by Amarillo Furniture or Amarillo Furniture Company. The record also shows that the institution was incorporated with a capital stock of $200,000.00; that it had filed its federal corporation income tax returns and state franchise tax returns each year; that there had never been any intermingling of appellee's personal business with that of the corporation except that Mrs. Lieurance had loaned the corporation more than $100,000.00 from her personal estate; and that all receipts of Amarillo Furniture Company were used to pay its obligations. Mrs. Lieurance even ceased to draw salary from the corporation, apparently in an effort to cut operating costs. It is also uncontradicted in her testimony that she never individually guaranteed the financial obligations of the corporation.

Mr. McLaughlin, manager for KBUY, admitted he made no investigations from banks or financial rating agencies concerning the financial condition of Mrs. Lieurance's personal estate and the record is silent as to the condition of her personal finances except that she testified that she put all she had into the business. The KBUY manager also admitted that he never checked the trade-name records in Potter County to determine if there was any business being operated as Amarillo Furniture by Della Burk Lieurance, the owner.

The record showed Mrs. Lieurance had been connected with the furniture business since 1949. Before that time her father, E. T. Burk, had owned it and had given it to her and another daughter, Mrs. Easley. For a few years they operated it as a partnership. The Easleys, being primarily farmers and ranchers, wanted out of the business. A division was made whereby Mrs. Easley took the building housing the furniture company and Mrs. Lieurance took their interest in the business. The record does not show how the other sister acquired her twenty-five per cent interest in the business but it is uncontradicted that she owned such interest.

Mrs. Lieurance incorporated the business in 1952 and it appears to have been operated as a corporation even until the filing of the suit for $650.00. In fact, appellant in its pleading admitted it to be a corporation but alleged it was only an instrumentality by which Mrs. Lieurance conducted her personal business.

At the request of appellant the court made findings of fact and conclusions of law which were as follows:

## FINDINGS OF FACT

"1. The Plaintiff, Radio KBUY, INC., furnished advertising time to Amarillo Furniture Compnay, Inc. over a period of at least two years on open account.

"2. The balance of the account which remained unpaid at the date of the trial was $650.00.

"3. All previous payments on the account were made by the Defendant, Amarillo Furniture Company, and credited by the Plaintiff to the Amarillo Furniture Company account.

"4. Amarillo Furniture Company is a corporation incorporated under the laws of Texas in 1952.

"5. There was no intermingling of the funds of Amarillo Furniture Company and its president, Della Burk Lieurance.

"6. Plaintiff, Radio KBUY, INC., did not rely on any representation of Della Burk Lieurance in extending credit to Amarillo Furniture Company.

"7. Della Burk Lieurance, individually, did not agree to pay the debt of the corporation, Amarillo Furniture Company.

"8. There were no false representations made by the Defendant, Della Burk Lieurance, or the Defendant, Amarillo Furniture Company, to Plaintiff, Radio KBUY, Inc."

## CONCLUSIONS OF LAW

"1. Amarillo Furniture Company is legally indebted to the Plaintiff, Radio KBUY, Inc., in the amount of $650.00.

"2. There is not sufficient evidence to disregard the corporate entity of Amarillo Furniture Company.

"3. Della Burk Lieurance, individually, is not liable for all, or any part, of the balance of Plaintiff's account."

Appellant then objected to the findings and conclusions made, requested that they be set aside, and that the court find in accordance with its theory to the effect that the advertising was furnished to Mrs. Lieurance rather than the corporation; that all payments on account were made by Mrs. Lieurance as the alter ego of Amarillo Furniture Company; that she advanced money to herself from funds carried under the name of Amarillo Furniture Company; that appellant reasonably relied upon Mrs. Lieurance's representations that she was the owner and sole manager; and that before the advertising time was sold she agreed to pay for it and that Mrs. Lieurance represented to appellant:

"(a) That she was the sole owner and manager of, and doing business under the trade name of, Amarillo Furniture Company;

"(b) That Amarillo Furniture Company was not doing business as a corporation;

"(c) That the advertising time was being purchased by her individually;

"(d) That Della Burk Lieurance would pay for the advertising time."

We hold there is sufficient evidence to support the court's findings of fact and that they are not against the great weight and preponderance of the evidence. We also hold that the court's conclusions of law are proper.

It would contribute only verbosity to this opinion to separately discuss all the complaints made by appellant concerning Mrs. Lieurance's representations to Mr. McLaughlin. Suffice it to say that she simply testified the advertising transactions were made by her as president of the corporation. It is academic that the court as the fact-finding agency had the right to believe her.

Exhibits showing an advertisement in the local newspaper and the sign on the building are relied on by appellant to establish its contention that Mrs. Lieurance was not operating as a corporation. The two-page ad introduced into evidence had small print in the left corner called "Owner's Statement to the Public" and showed the name, "Della Burk Lieurance" at the bottom of the statement. Mrs. Lieurance testified the ad was made up and purchased by a promoter she hired and that she did not even know what was in it. Mrs. Lieurance also testified with respect to the sign on the building that she simply changed her father's name to her name following the Amarillo Furniture Company's sign that had been on the side of the building when he operated the business.

It appears to be settled law that courts will not disregard the corporation fiction and hold individual officers, directors or stockholders liable on the obligations of

a corporation except where it appears that the individuals are using the corporate entity as a sham to perpetrate fraud, to avoid personal liability or in a few other exceptional situations. Pace Corp. v. Jackson, 155 Tex. 179, 284 S.W.2d 340.

■ Essential elements of fraud are a material false statement, made knowingly or recklessly, as regards its falsity, for the purpose of being acted upon and actually being acted on by the defrauded party to his detriment. Gulf, C. & S. F. Ry. Co. v. Houston, Tex.Civ.App., 45 S.W.2d 771 (N.W.H.).

■ The five elements of fraud are representation, falsity, deception, scienter[1] and injury. Hackner v. Morgan, Circuit Court of Appeals, Second Circuit, 130 F.2d 300.

■ There is certainly sufficient probative evidence from which the trial court, as the fact finding body, could find a complete lack of scienter on the part of Mrs. Lieurance. It is uncontradicted that she did not knowingly make any fraudulent misrepresentations to secure the advertising time and that the statement in the newspaper ad was made without her knowledge. Therefore, appellant's first two groupings of points are overruled.

The third grouping of points is to the effect that the corporate veil should be pierced in order to require Mrs. Lieurance to pay for the advertising time. The entire statement of facts in this case consists of only thirty-four letter-sized pages of testimony, by three witnesses, most of which has been discussed.

"In order for courts to disregard the corporate entity, it must appear that the corporate cloak is used by those in control as a sham or pretense to perpetrate fraud, justify wrong or defeat public convenience." Wells v. Hiskett, Tex.Civ.App., 288 S.W.2d 257 (N.R.E.).

The evidence is without contradiction that there not only is a lack of evidence that Mrs. Lieurance knowingly defrauded KBUY but that she put more than $100,000.00 of her own separate money she had saved from salary and inherited from her father into the business in an effort to keep it solvent so the bills could be paid. It is also without contradiction that appellant made no legitimate effort to determine if it was dealing with a corporation or not. It could have checked the local records or written the Secretary of State. It did neither. Several checks it received on Amarillo Furniture Company were cashed so it just continued to sell the advertising time without any investigation as to whether the name "Amarillo Furniture Company" represented a corporation or some other type of operation.

■ Mrs. Lieurance testified in effect that most of the advertising represented by the suit for $650.00 was ordered by promoters she had hired. They, of course, were acting for her, but whether they or she purchased it is immaterial. She was the corporation president and ordinarily a corporation can act only through its officers or agents. Wells v. Hiskett, supra. KBUY's manager testified he sold the advertising time to Mrs. Lieurance. Even that testimony as it shows in the record did not necessarily negate the fact that she was buying the advertising for the corporation, which, of course, she was.

"The general manager of a corporation occupies the position of a general agent. As a corporation can only act through its agents, the general manager, or general agent, is virtually the corporation itself." Sealy Oil Mill & Mfg. Co. v. Bishop Mfg. Co., 235 S.W. 850 (Tex.Com.App. opinion adopted).

Points forty-nine and fifty are simply repetitious and require no discussion.

The judgment of the trial court is in all things affirmed.

---

1. Such knowledge as charged one with the consciousness of his actions. Webster's New International Dictionary, Second Edition.