F. M. ANGUS, Appellant,

v.

AIR COILS, INC., Appellee.

No. 19448.

Court of Civil Appeals of Texas, Dallas.

June 28, 1978.

Ralph W. Currie, Dallas, for appellant.
Don Wilmarth, Dallas, for appellee.

AKIN, Justice.

Air Coils, Inc., appellee, sued appellant, Angus, individually and doing business as Texas Refrigeration and Engineering Co., for an indebtedness of Texas Refrigeration, a corporation no longer in existence. The

trial court found that Texas Refrigeration and Engineering Co. was the alter ego of appellant and held him personally liable to Air Coils, Inc. Angus appeals. The principal question presented is whether the findings of fact support the trial court's conclusion that Texas Refrigeration was the alter ego of appellant. We hold that the findings do not support such a conclusion. Accordingly, we reverse and render.

The material facts as found by the trial court are undisputed. The first business contact between the parties occurred on August 22, 1969, when Air Coils received a purchase order from Texas Refrigeration and Engineering Company to fabricate an air coil condenser and ship it to a church in San Jose, California. Air Coils fabricated the unit and payment was made by Texas Refrigeration and Engineering Company. Apparently, a problem arose with respect to the air coil condenser because Texas Refrigeration and Engineering Company by purchase order dated June 25, 1970, requested Air Coils to modify and repair the original equipment. This purchase order was in the name of Texas Refrigeration and was signed by appellant Angus in his representative capacity as president. On August 31, 1970, Air Coils invoiced Texas Refrigeration for the sum of $1,021.25 for labor and materials expended in repairing the unit. This invoice was never paid because Angus did not believe that Texas Refrigeration owed this money and because he thought Air Coils had collected this sum directly from the church.

On October 20, 1971, Angus filed Articles of Dissolution with the Secretary of State of Texas and Texas Refrigeration was dissolved on October 21, 1971. In the Articles of Dissolution, Angus swore that all liabilities of the corporation had been discharged or adequate provision had been made for paying all liabilities. With respect to the dissolution, the trial court found that Angus had not acted overtly in a fraudulent manner, but concluded that Angus violated § 6.04(A)(2) of the Texas Business Corporation Act (Vernon Supp.1978) by not sending notice to Air Coils as well as § 6.06(A)(4) by representing that all debts were paid when

he knew of Air Coil's invoice of January, 1971.

As to the earlier history of the corporation, the trial court found that Angus had operated as a professional engineer from 1946 to 1958 when he incorporated his business as Texas Refrigeration and Engineering Company. Angus, his wife and son were the only directors of the corporation. The corporation issued 419 shares to Angus, one to his wife, and twenty to his son, totalling 440 shares. The trial court found that no notice was given in 1958 that he had incorporated his business. Furthermore, the corporation used one of Angus' patents, and was to pay him a royalty of five percent, which was never paid. The court also found that Angus' wife had loaned the corporation $13,650, that the corporation owed Angus $16,000, and that Angus' son had loaned the corporation $4,750. None of these loans were reflected in the Articles of Dissolution.

Based upon these facts, the trial court concluded that Angus was liable individually because the corporation was his alter ego. In reaching this conclusion, the court noted that "the corporate entity, if allowed to stand, would promote an injustice to Air Coils, and although the corporation was adequately capitalized in 1958, the infusion by defendant (Angus), his wife and son, of additional capital without receiving a note in exchange therefor indicates that by 1971 the corporation was inadequately capitalized. The defendant F. M. Angus had individual control and managed the entity in such a manner that it became his alter ego and although some corporate formalities were adhered to by the corporation, the facts of this case indicate that F. M. Angus treated the corporation as his alter ego."

Two interrelated questions are presented by these findings of fact and conclusions of law of the trial court. First, is the question of whether the facts as found, even if supported by the evidence, justify the legal conclusion that the dissolved corporation was the alter ego of Angus, thus making Angus liable personally for an obligation of the corporation. A second question is

whether a violation of sections 6.04(A)(2) and 6.06(A)(4) of the Texas Business Corporation Act (Vernon Supp.1978) is evidence that Angus treated the corporation as his alter ego.

■ With respect to the question of whether Texas Refrigeration Company was the alter ego of Angus, we hold that, as a matter of law, it was not. Courts are justifiably reluctant to disregard the corporate entity and impose individual liability unless the corporate entity is employed to defraud existing creditors of the shareholder, to circumvent a statute, to evade an existing obligation, to protect crimes or to achieve or perpetuate a monopoly. *Pace Corporation v. Jackson,* 155 Tex. 179, 284 S.W.2d 340 (1955); *Hanson Southwest Corp. v. Dal-Mac Construction Co.,* 554 S.W.2d 712, 718 (Tex. Civ.App.—Dallas 1977, writ ref'd n. r. e.). Additionally, there must be a showing of bad faith or fraud. *Holmes v. Clow,* 533 S.W.2d 99, 106 (Tex.Civ.App.—Tyler 1976, no writ). None of these extraordinary circumstances exist here so as to justify the trial court's conclusion that Texas Refrigeration was the alter ego of Angus under the standards enunciated in *Hanson v. Dal-Mac, supra.* The trial court found no bad faith or fraud on the part of Angus, and we cannot deem such findings as made when no such evidence was introduced. Tex.R. Civ.P. 299. There is no contention and no finding that Air Coils was deceived by Angus as to the entity with which it was dealing. In fact, the evidence shows that Air Coils was initially put on notice it was dealing with a corporation when it received purchase orders from Texas Refrigeration since Angus signed the orders as president. An employee of Air Coils who dealt with Angus testified that Angus held himself out as president of Texas Refrigeration. Indeed, the court specifically found that the invoice prior to the one now in question was paid by Texas Refrigeration. The fact that Angus and his family put their money into the corporation, presumably to keep it solvent, is not the kind of evidence that justifies piercing the corporate veil. *Radio KBUY, Inc. v. Lieurance,* 390 S.W.2d 16, 20 (Tex.Civ.App.—Amarillo 1965, no writ). Similarly, the fact that the majority of the corporation's stock was owned by one person does not establish that the corporation is that person's alter ego. *Commonwealth of Massachusetts v. Davis,* 140 Tex. 398, 168 S.W.2d 216, 224 (Tex.1943); *Hanson Southwest v. Dal-Mac, supra,* at 716; *Evans v. General Insurance Co. of America,* 390 S.W.2d 818, 822 (Tex.Civ.App.—Dallas 1965, no writ).

Furthermore, courts have been more stringent in refusing to disregard the corporate entity in contract cases than in tort cases because the injured party in a contract case had the opportunity to select the entity with whom he contracted; no such selection is afforded a plaintiff in a tort case. *Gentry v. Credit Plan Corp. of Houston,* 528 S.W.2d 571, 573 (Tex.1975). Here, Air Coils knew it was dealing with a corporation but nevertheless chose so to do. Thus, since Air Coils chose to deal with Texas Refrigeration Company and since that corporation failed to pay an invoice, the reasonable question arises as to whether Air Coils should be permitted to impose that liability on Angus individually. Under contract law, Air Coils clearly could not impose liability individually on Augus for the debt of the corporation. Consequently, Air Coils seeks to use the alter ego doctrine to collect from Angus the debt of the corporation. This it cannot do under these facts. We hold, therefore, that the trial court erred in concluding that the corporation was the alter ego of Angus.

■ To hold as Air Coils would have us do would erode the concept of a corporation as a separate legal entity, apart from its shareholders, directors, and officers. Corporations would then become meaningless. Consequently, the juridical concept of the corporate entity should be disregarded only where the sacrifice is essential to defending or upholding a strongly accepted public policy, such as the antitrust laws, the prevention of crime or fraud. *Bell Oil & Gas Co. v. Allied Chemical Corp.,* 431 S.W.2d 336, 339 (Tex.1968). No such extraordinary reasons exist here for ignoring the corporate entity.

Neither do we agree with Air Coils that violations of certain provisions of the Texas Business Corporation Act makes the corporation Angus' alter-ego. In this respect, the trial court concluded that the failure of Angus to send notice of dissolution to Air Coils violated § 6.04(A)(2) of the Texas Business Corporation Act (Vernon Supp.1978), that Angus' statement filed with the Secretary of State that no debts of the corporation remained unpaid violated § 6.06(A)(4), and that the actions of Angus in not disclosing the existence of the dissolution of the corporation until such time as the statute of limitations and the period of corporate survival had run would be an injustice to Air Coils. Air Coils argues that these violations evidence a course of conduct of bad faith showing that Angus disregarded the corporate entity so as to make it his alter-ego. We cannot agree. Even assuming that a violation of the Texas Business Corporation Act was shown, it still must be shown that the corporate entity was used as a means of perpetrating a fraud or is relied upon to justify a wrong to hold Angus liable personally. We conclude, therefore, that violations of these provisions of the Texas Business Corporation Act are not grounds, in and of themselves, to disregard the corporate entity on an alter-ego theory and to impose liability individually for a corporate debt on a former shareholder. Accordingly, the judgment of the trial court is reversed and judgment here rendered that Air Coils take nothing against Angus.

GUITTARD, C. J., not participating.