Frank T. NAGLE, Appellant,

v.

Margie M. NAGLE, et al., Appellees.

No. A2536.

Court of Civil Appeals of Texas,
Houston (14th Dist.).

June 3, 1981.

Rehearing Denied July 1, 1981.

Bryan W. Scott, Caren E. Walker, Houston, for appellant.

Frank E. Caton, Joann Storey, Susan M. Townsend Houston, for appellees.

Before J. CURTISS BROWN, C. J., and JUNELL and MILLER, JJ.

J. CURTISS BROWN, Chief Justice.

This is an appeal from a judgment rendered on a jury verdict, in favor of the plaintiff below, on an action for specific performance, or alternatively, for damages, based on an oral contract for the sale of real estate.

Margie M. Nagle (Margie) and Frank T. Nagle (Frank), an attorney, were divorced in 1972. Pursuant to the settlement agreement, Frank was required to pay $560.00, per month, child support and $177.00, per month, mortgage payment on the couple's home. Margie retained possession of the house and resided there with the couple's children. In the early months of 1976, Frank became delinquent on the child support payments. Margie filed a contempt action to collect four months past due child support payments, totalling $2,240.00. The contempt hearing was set for May 6, 1976.

On the morning of the May 6 hearing, Margie and her attorney, Allen C. Isbell (Isbell), met with Frank in the courthouse before the hearing. At the meeting, Frank orally agreed to pay the $2,240.00 past due child support payments, increase his month-ly child support obligation by $177.00 (the amount of the mortgage payments), and deed to Margie his ownership interest in the house and lot in return for her agreement to waive the May, 1976 child support payment ($560.00), take over the monthly mortgage payments, and pass the contempt hearing without making Frank appear in court.

Frank, representing that he intended to return to his office to draft a deed to the property and would submit the deed to Isbell for approval, left the courthouse. Margie passed the hearing. Later the same day, Frank informed Isbell he would not deed the real estate to Margie as agreed. Frank later paid the past due child support, the May child support, and continued to make the monthly mortgage payments.

Margie never reset the contempt hearing. On June 30, 1976 she filed suit to enforce the May 6, 1976 agreement and, alternatively, for damages. In her petition she tendered a return of the amount of the May, 1976 child support payment to Frank. She also filed an action against Isbell for his negligence in failing to legally bind Frank to the terms of the agreement.

Frank set up a Statute of Frauds defense to the enforcement of the contract. Margie contended the doctrine of promissory estoppel barred Frank from raising the Statute of Frauds. The jury found for Margie. The trial court entered judgment against Frank for $21,464.39, the present market value of Frank's interest in the house, plus attorney's fees and costs. The court also entered a "take nothing" judgment for Margie against Isbell.

Frank appeals contending (1) the theory of promissory estoppel does not apply to these facts because there was no substantial and detrimental reliance by Margie, (2) the proper measure of damages in promissory estoppel cases is based on the "out-of-pocket expenses" rule, rather than the "benefit-of-the-bargain" rule, (3) the theory of compromise and settlement is inapplicable because the settlement contract itself was unenforceable, and (4) Margie is not entitled to recover attorney's fees in this case. Mar-

gie appeals the "take nothing" judgment against Isbell, but concedes her appeal need not be considered if the judgment of the trial court is affirmed.

■ *Wheeler v. White*, 398 S.W.2d 93 (Tex.1966) and *"Moore" Burger, Inc. v. Phillips Petroleum Company*, 492 S.W.2d 934 (Tex.1973) set out the parameters of the promissory estoppel doctrine. Reliance, by the promisee, of a definite and substantial character, is an essential element. Here, Margie gave up her immediate right to prosecute the contempt action. After Frank reneged on his promise, she could have reset the hearing. She did give up her "ace in the hole," but did not commit herself financially or permanently surrender the right to prosecute. Therefore, promissory estoppel is not applicable in the instant case.

■ However, the elements of fraud are (1) a materially false statement (2) made knowingly or recklessly (3) for the purpose of inducing reliance (4) which is, in fact, relied on (5) to the detriment of the complainant. *Radio KBUY, Inc. v. Lieurance*, 390 S.W.2d 16 (Tex.Civ.App. Amarillo 1965, no writ); *Southwestern Indemnity Co. v. Cimarron Insurance Co.*, 334 S.W.2d 831 (Tex.Civ.App.—Waco 1960, no writ). An unfulfilled promise made with the intention, at the time, of not performing can be the basis of actionable fraud. *Stanfield v. O'Boyle*, 462 S.W.2d 270 (Tex.1971).

■ Frank does not dispute the facts. The facts alleged in Margie's petition are sufficient to state a cause of action for fraud. The jury found that (1) Frank entered into the agreement; (2) Margie performed her part of the agreement; (3) Frank had not performed his part of the agreement; (4) Frank should reasonably have expected his promise to induce Margie to waive the May 1976 child support, pay the mortgage, and pass the May 6 hearing; (5) Margie's actions were a detriment to her; (6) injustice could be avoided only by enforcing the promise; and (7) Frank made the promise with the intention, at the time, of not fulfilling it. An implied finding of reliance is inherent in the jury's findings that Frank should reasonably have expected his misrepresentations to induce Margie's reliance and that Margie suffered a detriment. Tex.R.Civ.P. 279.

■ The trial court struck as unsupported by the evidence the jury's answer to Special Issue No. 9 which inquired into Frank's intention to fulfill his promise to Margie. Margie assigns such ruling as error by crosspoint. The court is authorized to set aside a jury finding only when there is no evidence to support the finding. Tex. R.Civ.P. 301. In reviewing a no evidence contention, the trial court must view the evidence in a light most favorable to the jury finding, considering only the evidence and inferences which support the jury finding and rejecting the evidence and inferences to the contrary. *Campbell v. Northwestern National Life Insurance Co.*, 573 S.W.2d 496, 497 (Tex.1978). The jury could reasonably infer from Frank's conduct and representations, both before and after he orally promised to transfer title to the house, that he had no intention of fulfilling his promise at the time he uttered it. Therefore, the court erred in striking the jury's answer to Special Issue No. 9. The judgment, and the jury's findings, together with implied findings, fully establish that Margie pleaded and proved a cause of action for fraud.

■ At common law, the measure of damages in an action based on fraud in a real estate transaction includes (1) the difference between the value of the thing obtained and its purchase price, and (2) the pecuniary loss suffered otherwise as a consequence of the recipient's reliance upon the truth of the representations. *El Paso Development Co. v. Ravel*, 339 S.W.2d 360 (Tex.Civ.App.—El Paso 1960, writ ref'd n.r.e.). The purchase price included the amount of the May, 1976 child support together with the value of passing the hearing. The pecuniary loss Margie suffered as a consequence of her reliance was the value of Frank's interest in the house and the cost of prosecuting the instant suit. Therefore, the damages awarded by the trial court are affirmed. We need not decide whether the

judgment can be upheld on the theory of compromise and settlement. We need not address Margie's appeal of the judgment for Isbell.

The judgment of the trial court is affirmed.