**Edna HOLLIDAY, Appellant,**

v.

**HENRY I. SIEGEL CO., Appellee.**

**No. B14–82–296–CV.**

Court of Appeals of Texas,
Houston (14th Dist.).

Dec. 9, 1982.

Mona L. Lyman, Hinds & Meyer, Houston, for appellant.

Anthony T. Sortino, Houston, for appellee.

Before PAUL PRESSLER, MURPHY and ROBERTSON, JJ.

ROBERTSON, Justice.

This appeal is from a judgment entered in favor of appellee in a suit on a sworn account. At issue is the individual liability imposed by the trial court upon a director of a dissolved corporation. We reverse and render.

The facts, as found by the trial court, show appellant (Holliday), Alfred W. Graham, and Barbara A. Graham were the officers and directors of a corporation known as Holly Gram, Inc., which operated

a shoe store and two dress shops. The corporation had purchased goods from appellee for which it had not been paid. The corporation was dissolved and articles of dissolution were filed; appellant Holliday received the assets and liabilities of the shoe store; the Grahams received the assets and liabilities of the clothing store and the value of such assets received were in excess of appellee's claim. All three directors (later amended findings excluded appellant, leaving only the Grahams) failed to keep records showing (1) the value of the corporate assets coming into their hands, (2) the identity of acknowledged creditors of the corporation and the amount of debt owing to each at the time of dissolution, and (3) the amount paid to each creditor after dissolution. Finally, the court found each of the directors failed to give the required notice by registered mail to each creditor of the corporation's intent to dissolve the corporation and failed to distribute the corporate assets ratably among the corporation creditors. At the conclusion of trial, the court entered judgment in favor of appellee against all three directors, and in favor of appellant Holliday for indemnification against the Grahams. Only Holliday appeals.

■ In her first point of error, appellant complains of the failure of the court to make "additional and amended findings of fact" after a proper request. In response to appellant's request the trial court filed its findings of fact and conclusions of law. Within the prescribed time, appellant filed her "Request for Additional and Amended Findings of Fact and Conclusions of Law" asking the trial judge "to make and file with the clerk of said court further and amended Findings of Fact and Conclusions of Law, as follows," setting out the amendments to be made to three of the original findings and adding two new findings. By handwritten order, the trial judge endorsed these as "Request Approved" and signed and dated same. We hold the order of the court sufficient to adopt, as his own, the amended and additional findings without formally amending his original findings. Thus, we need not further discuss appellant's first point of error.

■ In her second point of error, appellant asserts the trial court erred in rendering judgment against her under Tex.Rev. Civ.Stat.Ann. art. 1302–2.07 (Vernon 1980) because she paid corporate debts in excess of the assets she and the Grahams received when the corporation was dissolved. The statute provides in part:

> During such period [after dissolution], the board of directors . . . shall continue to manage the affairs of the corporation with a limited purpose or purposes specified in this Article and . . . shall be trustees for the benefit of creditors, shareholders, members, or other distributees of the corporation and shall be jointly and severally liable to such persons to the extent of the corporate property and assets that shall have come into their hands.

However, as found by the trial court, the officers and directors did not even attempt to follow the dictates of Tex.Bus.Corp.Act Ann. art. 6.04 (Vernon 1980) which sets out their duties upon dissolution of the corporation. While it appears there should be some penalty attached to failure to comply with the statute in this regard, we have not been cited any authority nor can we find any to impose it. In fact, in *Angus v. Air Coils, Inc.*, 567 S.W.2d 931 (Tex.Civ.App.—Dallas 1978, no writ) the court held that violations of these provisions were not grounds, *in and of themselves*, "to disregard the corporate entity on an alter-ego theory" and to impose individual liability on a former shareholder. In the case before us there were no issues raised contending the corporation was the alter ego of appellant and the Grahams, nor that there was preferential treatment of the creditors, nor that there was any fraud committed in any manner, nor any other allegation upon which individual liability of an officer or director for a corporate debt in excess of corporate assets could conceivably be imposed. In view of this record, we feel the language of the court in *Angus* is apropos:

> To hold as Air Coils would have us do would erode the concept of a corporation

as a separate legal entity, apart from its shareholders, directors, and officers. Corporations would then become meaningless. Consequently, the juridical concept of the corporate entity should be disregarded only where the sacrifice is essential to defending or upholding a strongly accepted public policy, such as the antitrust laws, the prevention of crime or fraud. *Bell Oil & Gas Co. v. Allied Chemical Corp.,* 431 S.W.2d 336, 339 (Tex.1968). No such extraordinary reasons exist here for ignoring the corporate entity. *Id.* at 933.

The trial court found the corporation owed appellee $2,807.98. In the amended findings of fact the trial court found that (1) the total value of the corporate assets distributed to the directors upon dissolution of the corporation was $20,000.00 and (2) appellant Holliday, following dissolution of the corporation and distribution of those assets, paid corporate debts totaling $26,000.00. While the first finding may not be supported by the evidence, appellee has acquiesced to the trial court's amendment because he has not assigned error by cross-point. Tex.R.Civ.P. 420; *Sanchez v. Texas Emp. Ins. Ass'n,* 618 S.W.2d 837 (Tex.Civ. App.—Amarillo 1981, no writ). One of the conclusions of law made by the trial court was:

> 4. Defendants are trustees for the benefit of plaintiff and other creditors of the corporation, and as such are jointly and severally liable to plaintiff to the extent of corporate assets received by them (Texas Miscellaneous Corporation Laws Act, Article 1302–2.07 B).

Based upon the findings of fact and this conclusion of law made by the trial court, judgment should have been rendered for the defendants. The point of error is sustained.

That portion of the judgment of the trial court imposing liability on appellant Holliday, is reversed and rendered.