Jimmy E. CURTIS, Sr., Appellant,

v.

C. Blake STEPHENS and Virgil L. Morgan, Appellees.

No. 2–92–204–CV.

Court of Appeals of Texas, Fort Worth.

May 5, 1993.

Rehearing Denied June 15, 1993.

Gregory & Gregory, Joe D. Gregory, Grapevine, for appellant.

Miskin, White & Davis, L.L.P., Cecil R. Miskin, Arlington, for appellees.

Before HILL, C.J., and FARRIS and DAY, JJ.

## OPINION

HILL, Chief Justice.

Jimmy E. Curtis, Sr. appeals from a summary judgment that he take nothing in his suit against C. Blake Stephens and Virgil L. Morgan, the appellees. Curtis brought suit against the appellees in their capacity as shareholders of Arlington Datsun, Inc., a dissolved corporation, seeking to trace the assets of Arlington Datsun so as to satisfy a judgment that he had previously obtained against the corporation. Curtis contends in seven points of error that the trial court erred in granting the appellees' motion for summary judgment. He urges in two points of error that the trial court erred in failing to grant his motion for summary judgment.

We reverse and remand for trial because we hold that the trial court erred in granting summary judgment for the appellees, because the appellees are estopped from relying on the statute of limitations since they failed to comply with the dissolution disclosure requirements of the Texas Business Corporation Act and since they failed to establish as a matter of law that Curtis discovered or reasonably should have discovered the fact of the corporation's dissolution in time to have reasonably brought this suit within three years of the actual date of dissolution. We also hold that Curtis has failed to establish as a matter of law that he did not discover or reasonably could have not discovered the fact of dissolution in time to have reasonably brought the suit within the three-year period following dissolution.

We must first determine whether the appellees met their burden for summary judgment by establishing that there exists no genuine issue of material fact, and that they are entitled to judgment as a matter of law. *City of Houston v. Clear Creek*

*Basin Auth.*, 589 S.W.2d 671, 678 (Tex. 1979).

Curtis brought suit against Arlington Datsun in 1983, obtaining a final judgment in 1988. After he obtained the judgment, Curtis learned for the first time that the corporation had been dissolved on September 25, 1984. On April 3, 1989, more than three years after that dissolution, Curtis brought this suit against the appellees, as directors and shareholders of Arlington Datsun.

The appellees moved for summary judgment, contending that Curtis's suit was barred under the provisions of article 7.12 of the Texas Business Corporation Act, because it was brought more than three years after the dissolution of Arlington Datsun.

Curtis responded that article 7.12(C) of the Texas Business Corporation Act does not abate remedies on suits brought prior to dissolution against a corporation and actions seeking to enforce the judgment obtained in the corporate action against the shareholders of the corporation for the receipt of assets after the dissolution by the shareholders in violation of article 6.04 of the Act.

■ Curtis also maintains that the appellees are estopped from claiming that his suit is barred by limitations because: he was given no notice of the dissolution by Arlington Datsun nor the appellees; the appellees filed a false affidavit with the office of the Secretary of State of the State of Texas to the effect that there were no suits pending against the corporation in any court; the appellees distributed the assets of Arlington Datsun to themselves without making adequate provision for the payment and discharge of the obligations of Arlington Datsun to him; and because they conducted discovery and testified during the trial in the case against Arlington Datsun as officers of the court without notifying the court, Curtis, or Curtis's attorney of the dissolution.

Curtis maintains that he was not aware of the underlying basis for this lawsuit, the dissolution of Arlington Datsun, until more than three years from the date of the dissolution. There is summary judgment evidence to the effect that Arlington Datsun did not comply with the notice provisions to the claimants set forth in article 6.04 of the Texas Business Corporation Act. Had it complied, Curtis would have no basis for contending that he had no notice of the dissolution.

The Texas Supreme Court has held, in a medical malpractice case, that when a defendant is under a duty to make a disclosure but fraudulently conceals the existence of a cause of action from the one to whom it belongs, the guilty party will be estopped from relying on the defense of limitations until the right of action is, or in the exercise of reasonable diligence should be, discovered. *Nichols v. Smith*, 507 S.W.2d 518, 519 (Tex.1974). We hold that, based upon this general principle, the appellees should be estopped from relying on the defense of limitations based upon the dissolution of the corporation when the corporation concealed the existence of the cause of action from Curtis by failing to comply with the notice provisions of article 6.04 of the Texas Business Corporation Act. The appellees should be estopped from relying on the rule until such time as Curtis discovered, or in the exercise of reasonable diligence should have discovered, his right of action.

Once Curtis established that the appellees had a duty to notify him of information that would have let him know of his right of action, but did not do so, and that he did not discover his right of action until past the limitation period, it was incumbent upon the appellees to present summary judgment evidence establishing as a matter of law that Curtis could in the exercise of reasonable diligence have discovered the corporation's dissolution. This they have failed to do.

The appellees in part rely on the case of *Angus v. Air Coils, Inc.*, 567 S.W.2d 931 (Tex.Civ.App.—Dallas 1978, no writ) as authority for their proposition that Curtis may not impose individual liability against them by virtue of the corporation having failed to make the proper disclosures in connection with the dissolution and making

an inaccurate statement to the Office of the Secretary of State. In that case the court held that those facts did not allow recovery by Air Coils, Inc., against the shareholders of a dissolved corporation under an alter ego theory.

In the case at bar, the appellees do not deny the fact that there might have been individual liability had the case been timely brought. Instead, they rely on the statute of limitations to defeat recovery. Curtis contends that their failure to disclose and their misrepresentation toll the statute until such time as he discovered or reasonably should have discovered the fact of the dissolution. That issue is not discussed at all in *Angus*. We sustain points of error numbers one, four, five, six, and seven.

Curtis argues in points of error numbers eight and nine that the trial court erred in not granting his motion for summary judgment. There is some summary judgment evidence that Curtis was aware that Arlington Datsun was having a bulk sale of all of its assets. The Office of the Secretary of State would have had on file the dissolution documents in ample time for Curtis to have timely brought suit. We hold that there is a fact issue as to when Curtis discovered or reasonably should have discovered the dissolution. We overrule points of error numbers eight and nine.

In view of our disposition of these points of error, we need not consider the remaining points of error.

We reverse and remand for trial.