**D.B. & M. COMPANY, Appellant,**

v.

**NATIONAL CHROME PLATING COMPANY, INC., et al.,**
**Appellees.**

No. 05–92–01608–CV.

Court of Appeals of Texas,
Dallas.

Dec. 29, 1994.

J. Bruce Bennett, Baskin Bennett & Komkov, LLP, Austin, Randol L. Stout, San Angelo, for Appellant.

William G. Whitehill, Cynthia Hollingsworth, Gardere & Wynne, L.L.P., Dallas, for Appellees.

Michael Patrick Kelly, Dallas, for Appellees.

Before NYE, C.J.,[1] and ASHWORTH[2] and WHITHAM, JJ.[3]

## OPINION

NYE, Chief Justice (Retired).

D.B. & M. Company appeals the summary judgment granted to National Chrome Plating Company, Inc., along with Avard C. Warren and W.D. Fincannon, employees, officers, and shareholders of National Chrome. In three points of error, D.B. & M. contends that the trial court abused its discretion in denying its motion for continuance and entering summary judgment. We sustain D.B. & M.'s second and third points of error, reverse the trial court's judgment, and remand this cause for further proceedings.

In 1977, National Chrome entered into a written lease agreement with D.B. & M. that later included a separate indemnity agreement dated August 1, 1980. National Chrome operated a chrome-plating business on the leased premises of D.B. & M. until 1987. During the term of the lease, the Texas Water Commission ordered National Chrome to clean up chromium deposits spilled on the premises. On April 28, 1988, National Chrome was voluntarily dissolved. On September 27, 1991, more than three years later, D.B. & M. sued National Chrome, Warren, and Fincannon for actual damages arising from soil contamination.

National Chrome moved for summary judgment based upon the three-year corporate survival statute contained in article 7.12 of the Texas Business Corporation Act. Warren and Fincannon moved for summary judgment on the theory that they were not parties to the lease or indemnity agreement. D.B. & M. filed a motion to compel answers to discovery and for sanctions. It also moved for a continuance of the summary judgment hearing, until it could obtain further discovery. The trial court denied these motions and proceeded to conduct the summary judgment hearing. The trial court granted summary judgment in favor of all three defendants.

In point of error two, D.B. & M. argues that the trial court erred in granting summary judgment based upon section 7.12 of the Texas Business Corporation Act. It argues further that National Chrome did not affirmatively show that D.B. & M. received notice of the dissolution pursuant to article 6.04(A)(2) of the Act.[4] In point of error three, D.B. & M. contends that the trial court should have denied summary judgment because article 7.12 is a statute of limitations, and National Chrome did not meet its burden of negating the discovery rule. Warren and Fincannon respond[5] that D.B. & M .'s cause of action was foreclosed because D.B. & M. filed its suit more than three years after National Chrome's dissolution. They also respond that article 7.12 is a survival statute, not a statute of limitations, to which the discovery rule does not apply.

When we review a trial court's grant of summary judgment, we apply the standards mandated by the Supreme Court of Texas. They are:

1. The movant for summary judgment has the burden of showing there is no genuine issue of material fact and that

---

The Honorable Paul W. Nye, Chief Justice, retired, Court of Appeals, Thirteenth District of Texas at Corpus Christi, sitting by assignment.

The Honorable Clyde R. Ashworth, Justice, retired, Court of Appeals, Second District of Texas at Fort Worth, sitting by assignment.

The Honorable Warren Whitham, Justice, retired, Court of Appeals, Fifth District of Texas at Dallas, sitting by assignment.

All further references to the Texas Business Corporation Act will be simply to the "Act." All references to articles 6.04, 6.06, and 7.12 will be

to those articles in the Act as they were in effect on April 28, 1988, when National Chrome was dissolved. The Texas General Laws citations are given for those articles when they are first discussed but are not repeated in later references.

National Chrome itself did not file a brief, consistent with Warren's and Fincannon's position that it had been legally dissolved as an entity. Instead, Warren and Fincannon filed a brief "both individually and for the dissolved corporation National Chrome Plating Company, Inc."

he is entitled to judgment as a matter of law.

2. In deciding whether a disputed material fact issue exists, we accept as true evidence favorable to the non-movant.

3. We indulge every reasonable inference and resolve any doubts in the non-movant's favor.

*Nixon v. Mr. Property Management Company, Inc.*, 690 S.W.2d 546, 548-49 (Tex.1985). The summary judgment rule is not meant to deprive parties of their day in court. *Gulbenkian v. Penn*, 151 Tex. 412, 416, 252 S.W.2d 929, 931 (1952). A defendant who moves for summary judgment must show as a matter of law the plaintiff has no cause of action against him. *Citizens First National Bank v. Cinco Exploration Company*, 540 S.W.2d 292, 294 (Tex.1976).

Warren and Fincannon contend that article 7.12 is an absolute bar to D.B. & M.'s recovery. At the time of National Chrome's dissolution, article 7.12(A) read as follows:

A. A corporation dissolved ... by the issuance of a certificate of dissolution or other action taken by the Secretary of State ... shall continue its corporate existence for a period of three (3) years from the date of dissolution, for the following purposes:

(1) prosecuting or defending in its corporate name any action or proceeding by or against the corporation;

(2) permitting the survival of any remedy not otherwise barred by limitations available to or against the corporation, its officers, directors, shareholders, or creditors, for any right or claim existing, or any liability incurred, before the dissolution. . . .

The Act, 70th Leg., R.S., ch. 93, § 31, 1987 Tex.Gen.Laws 223, *amended by* the Act, 71st Leg., R.S., ch. 801, § 39, 1989 Tex.Gen.Laws 3641-42, *amended by* the Act, 72nd Leg., R.S., ch. 901, § 39, 1991 Tex.Gen.Laws 3188. Because National Chrome was dissolved on April 28, 1988, Warren and Fincannon conclude that D.B. & M.'s claim against it was extinguished by no later than April 27, 1991.

Article 6.04(A)(2), however, required National Chrome to:

cause written notice by registered or certified mail of its intention to dissolve to be mailed to each known creditor of and claimant against the corporation.

The Act, 70th Leg., R.S., ch. 355, § 1, 1987 Tex.Gen.Laws 1780, *amended by* the Act, 72nd Leg., R.S., ch. 901, § 35, 1991 Tex.Gen. Laws 3184-85. D.B. & M. contends that it never received any such notice. Warren and Fincannon respond that: (1) D.B. & M. did not raise this issue in its response to National Chrome's motion for summary judgment; (2) the Secretary of State's certificate of dissolution is *prima facie* evidence that National Chrome complied with the Act in its entirety; and (3) there is no authority for the proposition that National Chrome's alleged failure to give notice of dissolution tolls the effect of article 7.12.

■ The record shows that D.B. & M.'s response clearly asserts it was "unaware of the dissolution of the corporation until more than three years after the fact." This assertion was sufficient to raise the issue whether D.B. & M. had received the statutorily required notice. The question then becomes whose burden it was to show, by proper summary judgment evidence, whether there was or was not the required notice. As we have previously stated, a defendant who moves for summary judgment must show as a matter of law that the plaintiff has no cause of action against him. *Citizens First National Bank v. Cinco Exploration Company*, 540 S.W.2d 292, 294 (Tex.1976). We note that article 6.04(A)(2) required National Chrome to send written notice by registered or certified mail; either method would have provided National Chrome with a receipt from the United States Postal Service, showing that delivery had been effected upon D.B. & M. Therefore, the statutory scheme would have provided National Chrome with documentary evidence, for its own files, that the required notice had been sent. Because National Chrome, as the movant for summary judgment, had to show as a matter of law that it was entitled to that judgment, and because National Chrome would easily have been able to do so if it had complied with article 6.04(A)(2), we hold that it was National Chrome's burden to establish that it had

complied with the statutory requirement that it give D.B. & M. notice. Therefore, we reject Warren and Fincannon's first argument.

■ The second argument, that the certificate of dissolution issued by the Secretary of State establishes a *prima facie* case that National Chrome complied with the act, is disingenuous. In order to obtain such a certificate, an officer of National Chrome had to execute articles of dissolution that, among other things, had to set forth:

> [t]hat all debts, obligations and liabilities of the corporation have been paid or discharged or that adequate provision has been made therefor, or, in case the corporation's property and assets were not sufficient to satisfy and discharge all its liabilities and obligations, that all property and assets have been applied so far as they would go to the payment thereof in a just and equitable manner and that no property or assets remained available for distribution among its shareholders.

The Act, 69th Leg., R.S., ch. 128, § 20, 1985 Tex.Gen.Laws 600, *amended by* the Act, 72nd Leg., R.S., ch. 901, § 37, 1991 Tex.Gen. Laws 3186, 3187 (now Tex.Bus.Corp.Act Ann. art. 6.06(A) (Vernon Supp.1994)). Because the Texas Water Commission ordered National Chrome to clean up the chromium contamination, National Chrome was certainly aware of at least the potential liability it had to D.B. & M. as its landlord.[6] Therefore, the Secretary of State's certificate merely establishes that National Chrome represented to the Secretary of State that all its liabilities, including the potential liability to D.B. & M., had been paid or discharged. The Secretary of State is under no obligation to conduct an independent investigation whenever articles of dissolution are received. Put another way, even if the Secretary of State's certificate established a *prima facie* case that National Chrome had complied in all respects with the Act when it dissolved, the moment that D.B. & M. asserted that it had not received the required notice, the presumption that National Chrome had complied with the Act was rebutted. National Chrome then had the burden of showing that it had complied by affording D.B. & M. the required notice.

We are not to be understood as saying that a claimant against a dissolved corporation can defeat the three-year limitations of article 7.12 whenever the claimant shows that the corporation did not comply with the Act in any respect whatsoever, however immaterial the noncompliance is to the claimant's claim. That is not the issue in this case. We hold only that, when D.B. & M. asserted that it had not received the statutorily required notice of National Chrome's dissolution, National Chrome had to come forward with evidence that it had in fact provided D.B. & M. such notice in order to avail itself of the Act's three-year limitations. The purpose of such notice, after all, is to provide a claimant with the opportunity to protect its interests. To allow a dissolving corporation to dissolve secretly, without notice to its possible claimants, and then to permit the corporation to raise the three-year limitations to extinguish those claimants' claims, subverts the entire purpose of the Act and invites fraud.

Finally, Warren and Fincannon argue that there is no authority to support D.B. & M.'s proposition that National Chrome cannot rely upon article 7.12 because of its failure to give D.B. & M. the required notice. One court has held, however, that a dissolving corporation is estopped from relying on the defense of limitations based upon the dissolution of the corporation by failing to comply with the notice provisions of article 6.04. *See Curtis v. Stephens*, 853 S.W.2d 822, 824 (Tex.App.—Fort Worth 1993), *writ denied*, 864 S.W.2d

---

6. We note that the Texas Business Corporation Act now defines "claim" as "a right to payment, damages, or property, whether liquidated or unliquidated, accrued or contingent, matured or unmatured." Tex.Bus.Corp. Act Ann. art. 712(F)(2) (Vernon Supp.1994). Although this express language did not appear in the Act at the time that National Chrome was dissolved, it is implied by the word "claim." Indeed, the fact that a corporation is required to continue its corporate existence for three years after dissolution for the purpose of defending in its corporate name any action or proceeding against the corporation necessarily means that "claim" contemplates potential liability and not merely undisputed liability.

492 (Tex.1993).[7] We are persuaded by the reasoning of our sister court of appeals. The Act placed an affirmative duty upon National Chrome to notify its claimants of its dissolution. If it did not comply with the duty imposed by the Act, it should not derive the benefit of the three-year limitations afforded by the Act, unless it can show that in the exercise of reasonable diligence D.B. & M. could have discovered its dissolution earlier. *See Curtis*, 853 S.W.2d at 824. The issue is not whether article 7.12 is characterized as a statute of limitations or a survival statute; the issue is simply whether one who fails to comply with a duty imposed by statute should be equitably estopped from appealing to the benefits of that statute if that failure operates to another party's detriment.

We conclude that, once D.B. & M. asserted that it had not received the notice required by section 6.04, the burden of going forward with evidence shifted to National Chrome to show either that it had complied with section 6.04 or that D.B. & M., as a matter of law, could have discovered its dissolution in the exercise of reasonable diligence. National Chrome did neither. Consequently, it did not show its entitlement to summary judgment. We sustain D.B. & M.'s second point of error.

In its third point of error, D.B. & M. argues that a defendant seeking summary judgment on the basis of limitations must negate the discovery rule once a plaintiff pleads it. *See Weaver v. Witt*, 561 S.W.2d 792, 794 (Tex.1977) (per curiam). Warren and Fincannon respond that article 7.12 is a survival statute, not a statute of limitations. In light of our previous discussion, we sustain D.B. & M.'s third point of error.

D.B. & M. argues in its first point of error that the trial court erred in denying its motion to continue the summary judgment hearing. In light of our disposition of D.B. & M.'s second and third points, it is not necessary to the final disposition of this appeal to rule on this point of error. Accordingly, we decline to rule. *See* TEX.R.APP.P. 90(a).

Finally, Warren and Fincannon raise one reply point. They argue that the trial court's summary judgment is final as to them, because their summary judgment was predicated upon their not being parties to the lease or indemnity agreement with D.B. & M. However, D.B. & M. sued Warren and Fincannon not only as individuals, but also as employees, officers, and shareholders of National Chrome. In short, D.B. & M. asserted legal theories that, if sustained by the facts, would establish liability of Warren and Fincannon on other than a contractual basis. Indeed, article 7.12(A), at the time that National Chrome was dissolved, expressly addressed any remedy that a claimant might have against the corporation, its *officers,* directors, *shareholders,* or creditors (emphasis added). We note that D.B. & M.'s original petition expressly pleaded that National Chrome was the alter ego of Warren and Fincannon. We express no opinion herein on the merits of that pleading. That Warren and Fincannon might not be individually liable as parties to a contract, however, does not mean that they are not liable on an alter ego theory. D.B. & M requests this Court to reverse the trial court's summary judgment in favor of all three appellees, Warren and Fincannon as well as National Chrome. This we shall do.

The judgment of the trial court is reversed and the cause is remanded to the trial court for further proceedings not inconsistent with this opinion.

---

**7.** In fairness to Warren and Fincannon, we note that their brief in this appeal was filed on September 14, 1993, and the *Curtis* opinion issued on May 5, 1993. The parties discussed the *Curtis* opinion during oral argument and filed supplemental letter briefs addressing the import of the Supreme Court's denial of writ in that case.