AZTEC MANAGEMENT AND INVEST-
MENT CO., INC. and Whorton
Johnson, Appellants,

v.

Clifford McKENZIE and Gaines B.
Williams, Appellees.

No. 13–85–307–CV.

Court of Appeals of Texas,
Corpus Christi.

Jan. 30, 1986.
Rehearing Denied March 20, 1986.

Robert Lee Little, Carrizo Springs, for
appellants.

Ronald P. Guyer, Vincent Callahan, San Antonio, for appellees.

Before SEERDEN, UTTER and KENNEDY, JJ.

## OPINION

SEERDEN, Justice.

Whorton Johnson appeals from a judgment against himself, individually, and Aztec Management & Investment Co., Inc. (Aztec) which awarded money damages and attorney's fees for breach of a contractual duty to furnish water to residential lots. Aztec is not a party to this appeal.

In his first point of error, appellant argues that there was no evidence to support the trial court's finding that he, individually, as well as Aztec, had a duty to provide and install water mains at no cost to appellees.

In considering a "no evidence" point of error, we will follow the well-established test set forth in *Glover v. Texas General Indemnity Co.*, 619 S.W.2d 400 (Tex.1981); *Garza v. Alviar*, 395 S.W.2d 821 (Tex. 1965); *Allied Finance Co. v. Garza*, 626 S.W.2d 120 (Tex.App.—Corpus Christi 1981, writ ref'd n.r.e.); CALVERT, *No Evidence and Insufficient Evidence Points of Error*, 38 Tex.L.Rev. 361 (1960). On review, the court of appeals will uphold the trial court's findings unless they are manifestly erroneous and without any evidence to support them or are so against the great weight and preponderance of the evidence as to be manifestly wrong. *Hinojosa v. Castellow Chevrolet Oldsmobile, Inc.*, 678 S.W.2d 707, 713 (Tex.App.—Corpus Christi 1984, no writ).

At all times material to these proceedings, Johnson was president of Aztec, a corporation formed with his aged mother. The record does not reveal any other officers or employees of Aztec. Some testimony indicated that Johnson managed his mother's financial affairs and was in fact solely in control of Aztec. Johnson admits in his brief that the evidence conclusively showed that Aztec had the duty to provide the water mains. The question is whether the evidence justifies piercing the corporate veil.

Appellees point to Johnson's statements at trial as evidence that Aztec was his alter ego. Specifically, Johnson referred to Aztec as "my water service" and, in discussion of how a resident of the subdivision to be served by Aztec would be connected with the service, stated, "I reserve the right to determine the extent and the direction of its growth concerning the water lines." Later, Johnson testified, "If it was Aztec's responsibility and I accepted it and something went wrong, I would still have to fix it."

If a statement is to be held a judicial admission, it must be deliberate, clear, and unequivocal. *William B. Roberts, Inc. v. McDrilling Co., Inc.*, 579 S.W.2d 335, 345 (Tex.Civ.App.—Corpus Christi 1979, no writ); *United States Fidelity & Guaranty Co. v. Carr*, 242 S.W.2d 224, 229 (Tex.Civ.App.—San Antonio 1951, writ ref'd). In *William B. Roberts, Inc.* at 344–345, this Court found that statements made by Roberts at trial that he had considered himself personally responsible for the dealings the corporation made through him as its chief executive officer, and that he believed because of his control of the corporation that he was personally liable for the corporation's obligations, did not amount to a judicial admission that the corporation was his alter ego. Likewise, the statements made by Johnson are consistent with his controlling the corporation and acting as its president, and do not constitute an admission that the corporation is his alter ego.

The legal concept of a corporation as an entity separate and distinct from its stockholders, officers and directors is fundamental in the law of corporations. In the absence of some exception, neither the officers nor the directors of a corporation are personally responsible for the debts of the corporation. *William B. Roberts, Inc.* at 345.

In order to establish personal liability for the acts of a corporation under the

alter ego doctrine, it is necessary to show that the directors of the corporation disregarded the corporate entity, which, in essence, made it nothing more than a mere conduit or vehicle for the transaction of private business of those sought to be charged with personal liability and that the separateness of the corporation apart from such individuals did, in fact, cease to exist. *William B. Roberts, Inc.* at 345; *Manney & Co. v. Texas Reserve Life Insurance Co.*, 407 S.W.2d 345, 350 (Tex.Civ.App.—Dallas 1966, no writ).

■ The courts of this State have been reluctant to pierce the corporate veil and impose personal liability upon an individual, such as its chief executive officer and controlling stockholder, and thereby destroy an important fiction under which so much of the business of the country is conducted, and have done so only under compelling circumstances. *Hickman v. Rawls*, 638 S.W.2d 100, 102 (Tex.App.—Dallas 1982, writ ref'd n.r.e.); *William B. Roberts, Inc.* at 345. In order to disregard the corporate entity and to impose individual liability under the alter ego doctrine, it is well-established that the proof must show one or more of the following: 1) that the individual sought to be charged with personal liability for the acts of the corporation is using the corporate entity to perpetrate a fraud, or to avoid the effect of a statute, or to evade an existing obligation, or to protect crimes, or to achieve or perpetrate a monopoly, or to justify a wrong; 2) that the individual who controls the corporation and manages its business affairs does so in such a manner whereby individual or corporate creditors may be deprived of their legal rights by a shuffling of the legal personalities of the corporation and its controller to the extent that the corporation is, in fact, the alter ego of the controller; 3) that the corporate formalities were not adhered to by the corporation in connection with the matters in question; and 4) that the corporation was inadequately capitalized. *Pace Corp. v. Jackson*, 155 Tex. 179, 284 S.W.2d 340, 351 (1955); *William B. Roberts, Inc.* at 345; *Mortgage and Trust, Inc. v. Bonner & Co., Inc.*, 572 S.W.2d 344,

349 (Tex.Civ.App.—Corpus Christi 1978, writ ref'd n.r.e.); *Angus v. Air Coils, Inc.*, 567 S.W.2d 931, 933 (Tex.Civ.App.—Dallas 1978, no writ); *Hanson Southwest Corp. v. Dal-Mac Construction Co.*, 554 S.W.2d 712, 716 (Tex.Civ.App.—Dallas 1977, writ ref'd n.r.e.); *Sutton v. Reagan & Gee*, 405 S.W.2d 828, 837 (Tex.Civ.App.—San Antonio 1966, writ ref'd n.r.e.). Moreover, the corporate entity may not be disregarded unless it is shown that the separateness of the corporation has ceased and the facts are such that adherence to the fiction would, under the particular circumstances, sanction a fraud or foster an injustice. *Gentry v. Credit Plan Corp. of Houston*, 528 S.W.2d 571, 573 (Tex.1975); *First National Bank of Canyon v. Gamble*, 134 Tex. 112, 132 S.W.2d 100, 103 (Comm'n App.1939, opinion adopted); *William B. Roberts*, at 345–346; *State v. Swift & Co.*, 187 S.W.2d 127, 133 (Tex.Civ.App.—Austin 1945, writ ref'd).

■ The fact that a majority or even all of the stock in a corporation is owned by a single individual does not of itself make the corporation the alter ego of the individual. *Massachussetts v. Davis*, 140 Tex. 398, 168 S.W.2d 216, 224 (1942) (*cert. denied* 320 U.S. 210, 63 S.Ct. 1447, 87 L.Ed. 1848 (1943); *William B. Roberts* at 346; *Kroger Company v. J. Weingarten, Inc.*, 380 S.W.2d 145, 153 (Tex.Civ.App.—Houston 1964, writ ref'd n.r.e.); *Evans v. General Insurance Company of America*, 390 S.W.2d 818, 822 (Tex.Civ.App.—Dallas 1965, no writ).

■ The testimony that Aztec lost money is not a showing that it was inadequately capitalized. The record contains no evidence of any commingling of funds or other improprieties such as the disregarding of corporate formalities, nor is there evidence that Aztec was formed to perpetuate fraud.

Thus, the record contains no evidence to justify the piercing of the corporate veil. *Torregrossa v. Szelc*, 603 S.W.2d 803, 804 (Tex.1980). Appellant's first point of error is sustained.

Appellant's second point of error is an alternative to point one and deals with the sufficiency of the evidence concerning appellant's personal liability. The remainder of appellant's points of error deal with the amount of damages awarded to appellees and the award of attorney's fees against appellant. In view of our sustaining appellant's first point of error, it is not necessary to discuss the remaining points.

The judgment of the trial court is REVERSED and RENDERED that appellees take nothing against Whorton Johnson.