Jim WYNNE, d/b/a J.W. Drilling and Jim Wynne Drilling, Inc., Appellants,

v.

ADCOCK PIPE AND SUPPLY, Appellee.

No. 04–87–00600–CV.

Court of Appeals of Texas, San Antonio.

Oct. 26, 1988.

Rehearing Denied Dec. 5, 1988.

Richard H. Sommer, Hibler & Sommer, San Antonio, for appellants.

Bradford F. Miller, San Antonio, Bruce Robertson, Jr., San Antonio, for appellee.

Before BUTTS, REEVES and CHAPA, JJ.

## OPINION

REEVES, Justice.

This is a suit on a sworn account. Appellants do not dispute the account's validity or amount. The question on appeal concerns the personal liability of James (Jim) Wynne. The trial court concluded that James Wynne and Jim Wynne Drilling, Inc. were each jointly and severally liable to Adcock Pipe and Supply. We affirm the judgment that Wynne is personally liable on the debt.

In this appeal, Wynne claims the evidence that he contractually obligated himself on the sworn account was not supported by probative evidence, and; alternatively, was against the great weight and preponderance of the evidence. The standards for our review of the evidence are found in *Garza v. Alviar*, 395 S.W.2d 821, 823 (Tex.1965); *In re King's Estate*, 150 Tex. 662, 244 S.W.2d 660 (Tex.1951).

On January 20, 1978, Wynne and STM Corporation, a partnership, filed an assumed name certificate for "J.W. Drilling." This venture was abandoned but the certificate was never withdrawn. On January 15, 1979, Wynne filed Articles of Incorporation for Jim Wynne Drilling, Inc. (the corporation). On August 3, 1981, the corporation filed an assumed name certificate for J.W. Drilling Company (the company). In 1982, the company, according to Wynne, opened an account with Adcock Pipe and Supply (Adcock). Adcock testified he extended credit to Wynne personally. In 1986, the company defaulted on the debt. Adcock filed suit and, after a bench trial, the trial court found Wynne and the corporation liable.

The corporation and the company existed before Wynne did business with Adcock. The legal concept that a corporation is a distinct entity separate from its stockholders, officers and directors is fundamental to the law of corporation. *Aztec Management and Investment Co. v. McKenzie*, 709 S.W.2d 237, 238 (Tex.App.—Corpus Christi 1986, no writ). *See also Castleberry v. Branscum*, 721 S.W.2d 270, 271 (Tex. 1986).

Trial testimony revealed that Wynne himself approached Adcock to open the account. Adcock testified he allowed Wynne to charge because Wynne had been recom-

mended by another customer. Adcock did not require a credit application. The account was carried as "J.W. Drilling," and Adcock believed "J.W. Drilling" and Wynne to be one and the same.

Adcock stated that Wynne never told him about the corporate status. Wynne testified, as follows:

Q: Did you tell them ... that you were a sole proprietorship doing business as J.W. Drilling?

A: No, sir.

Q: And they never asked?

A: Never asked.

Q: You simply asked to open an account as J.W. Drilling?

A: Yes, sir.

■ Wynne and the corporation assert Adcock had the duty to investigate the corporate status. We disagree. The test of disclosure is Adcock's actual knowledge, or reasonable grounds to know, of the corporation's existence or identity. *A to Z Rental Center v. Burris*, 714 S.W.2d 433, 435 (Tex.App.—Austin 1986, writ ref'd n.r. e.). Wynne claims that Adcock had the duty to investigate the corporate status because Adcock knew (1) the merchandise was being ordered for a business entity known as "J.W. Drilling"; (2) that Wynne was authorized to place orders on behalf of such entity; and (3) that a company with employees and business officers was already in existence at the time of the purchase.

■ The name, J.W. Drilling, gives no indication that a corporate entity is involved. A business name meets the requirements of the Business Corporation Act for a corporate name if it uses the terms "incorporated," "corporation," or "company." TEX.BUS.CORP.ACT.ANN. art. 2.05 (Vernon 1980). *See also Lassiter v. Rotogravure Committee, Inc.*, 727 S.W. 2d 8, 10 (Tex.App.—Dallas 1987, writ ref'd n.r.e.). There is nothing in the name to give Adcock any notice. He sent the bills to J.W. Drilling. The bills were paid with checks drawn on J.W. Drilling. Wynne never corrected the invoicing or billing procedures. *See A to Z Rental Center v.*

*Burris*, 714 S.W.2d at 435. Even assuming, arguendo, that J.W. Drilling is a trade name, it is not enough to be called sufficient disclosure. *See Lachmann v. Houston Chronicle Pub. Co.*, 375 S.W.2d 783, 785 (Tex.1964).

■ Corporations can act only through agents. *Fort Worth Elevators Co. v. Russell*, 70 S.W.2d 397, 402 (Tex.1934). When Wynne dealt with Adcock, whether Adcock knew it or not, Wynne was the corporation's agent. Wynne had the duty to disclose. The fact that Wynne was authorized to place orders only goes to his authority as agent for his corporation. The law does not presume agency. *Lachmann*, at 785. Wynne had an affirmative duty to disclose that his authorization to place orders came from the corporation.

Adcock had no way of knowing the company, or the corporation, was in existence. Wynne volunteered nothing; Adcock did not ask. Even if the articles of incorporation and assumed name certificate were on file, Adcock had no duty to search for this information. *See A to Z Rental Center v. Burris*, at 435. *See also Dodds v. Charles Jourdan Boutique, Inc.*, 648 S.W. 2d 763, 766 (Tex.App.—Corpus Christi 1983, no writ).

■ If an agent would avoid personal liability, he has the duty to disclose not only that he is acting in a representative capacity but also the identity of his principal. *A to Z Rental Center v. Burris*, 714 S.W.2d at 435. *Accord Heinrichs v. Evins Personnel Consultants, Inc.*, 486 S.W.2d 935, 937 (Tex.1972). *See also Lachmann v. Houston Chronicle Publishing Company*, 375 S.W.2d 783, 785 (Tex.Civ.App.—Austin 1964, writ ref'd n.r.e.).

■ With Wynne's personal liability established, we turn to the liability of the corporation. It is well settled that if an agent acts within the scope of his authority but fails to disclose the fact of his agency, then both the agent and principal are liable, but a third party cannot recover from both. *Moerbe v. Meece*, 630 S.W.2d 278, 281 (Tex. App.—Austin 1981), *aff'd in part, rev'd in part*, 631 S.W.2d 729 (Tex.1982). Where a principal and an agent are both liable, the

third party can elect from which one to take judgment. *See Medical Personnel Pool, Inc. v. Seale,* 554 S.W.2d 211, 214 (Tex.Civ.App.—Dallas 1977, writ ref'd n.r. e.).

Adcock has not elected whether to pursue Wynne or the corporation. However, the record discloses that Adcock knew, before the actual trial, that a corporation was involved as a principal. At that time, Adcock could have amended his petition to include the corporation and made his election upon the successful outcome of his cause. This procedure was not followed. An undisclosed principal is discharged if, with knowledge of the identity of the principal, the other party recovers judgment against the agent. *Sherrill v. Bruce Advertising, Inc.,* 538 S.W.2d 865, 867 (Tex.Civ.App.—Houston [14th Dist.] 1976, no writ). *See also Moerbe v. Meece,* at 281.

Therefore we hold that Wynne is personally liable on the judgment. We further hold that even though the trial court did conclude that the corporation was also liable, a judgment against the corporation cannot stand as Adcock chose to proceed against Wynne personally.

The judgment is affirmed as to Wynne's personal liability, and reversed and rendered in part as to J.W. Drilling's liability.