GONZALES COUNTY WATER SUPPLY CORPORATION, Appellant,

v.

Edward JARZOMBEK, Jr., Appellee.

No. 13–94–365–CV.

Court of Appeals of Texas, Corpus Christi.

Feb. 1, 1996.

Houston Munson, Gonzales, for appellant.

Jerry J. Jarzombek, Fort Worth, for appellee.

Before YAÑEZ, CHAVEZ and RODRIGUEZ, JJ.

## OPINION

RODRIGUEZ, Justice.

The Gonzales County Water Supply Corporation ("GCWSC") appeals from a summary judgment entered in favor of Edward Jarzombek, Jr. By a single point of error, GCWSC complains that the trial court erred in granting summary judgment because genuine issues of fact exist as to the appellee's liability under a contract. The trial court severed the judgment in favor of Jarzombek from the remainder of the action. We affirm.

### FACTUAL AND PROCEDURAL BACKGROUND

This case involves the drilling of a water well by Edward Jarzombek, Inc., d/b/a/ J–B Drilling Company ("J–B Drilling"), for GCWSC. GCWSC sued J–B Drilling and Jarzombek, individually, alleging breach of contact and violation of the Texas Deceptive Trade Practices Act. Jarzombek moved for summary judgment in his individual capacity claiming that the contract for the drilling of the well was solely between two corporations. He further claimed that the contract was not ambiguous and that no privity existed between GCWSC and Jarzombek.

GCWSC responded by amending its First Amended Original Petition to include a claim of alter ego. GCWSC claims J–B Drilling Company and Jarzombek are one and the same.

The trial court, without specifying the grounds for its ruling, granted appellee's motions for summary judgment and severance.

1. If we agree with Jarzombek's "lack of privity" argument, Jarzombek can be held personally lia-

## SUMMARY JUDGMENT

■ By a single point of error, GCWSC complains that the trial court erred in granting summary judgment in favor of Jarzombek. Summary judgment is proper when the movant shows by uncontroverted or conclusive summary judgment evidence that no issue of material fact exists and that he is entitled to judgment as a matter of law. In deciding whether a disputed material fact issue precludes summary judgment, a reviewing court will take as true all evidence favorable to the nonmovant and will indulge all reasonable inferences and resolve all doubts in the nonmovant's favor. *Nixon v. Mr. Property Management Co.*, 690 S.W.2d 546, 548–49 (Tex.1985). When a defendant moves for summary judgment, he must show that no genuine issue of fact exists as to one or more of the essential elements of the plaintiff's cause of action, *Gibbs v. General Motors Corp.*, 450 S.W.2d 827, 828 (Tex. 1970), or that he has established an affirmative defense as a matter of law. *Munoz v. Gulf Oil Co.*, 693 S.W.2d 372, 373 (Tex.1984) (*citing City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678 (Tex.1979)).

Jarzombek's motion for summary judgment challenged GCWSC's breach of contract claim by asserting (1) that the contract is not ambiguous as to the real parties to the contract; and (2) a lack of privity between GCWSC and Jarzombek. Jarzombek also challenged an essential element of GCWSC's alter ego claim, which is derivative of the breach of contract claim.[1] The trial court did not specify the ground for its ruling, therefore, GCWSC must show the failure of at least one element of each theory asserted by Jarzombek. *See Gibbs*, 450 S.W.2d at 828.

We will address Jarzombek's claims individually.

a. **Ambiguity regarding the parties to the contract.**

■ A contract is ambiguous when its meaning is uncertain and doubtful or it is

ble only if GCWSC prevails on its alter ego claim.

reasonably susceptible to more than one meaning. *Coker v. Coker,* 650 S.W.2d 391, 393 (Tex.1983); *Skelly Oil Co. v. Archer,* 163 Tex. 336, 356 S.W.2d 774, 778 (1962). When a contract contains an ambiguity, the granting of a motion for summary judgment is improper because the interpretation of the instrument becomes a fact issue. *Coker,* 650 S.W.2d at 394; *Harris v. Rowe,* 593 S.W.2d 303, 306 (Tex.1980). However, if the contract is so worded that it can be given a certain or definite legal meaning or interpretation, then it is not ambiguous and the court will construe the contract as a matter of law. *Coker,* 650 S.W.2d at 393; *Cambridge Oil Co. v. Huggins,* 765 S.W.2d 540, 543 (Tex.App.— Corpus Christi 1989, writ denied).

Jarzombek denies that he is personally liable under the contract because the contract was solely between two corporations: GCWSC and J–B Drilling. The contract had three successive parenthetical phrases which appeared as follows:

> "... and *J–B DRILLING COMPANY* doing business as (an individual,) or (a partnership,) or (a corporation) hereinafter called "CONTRACTOR".

The contract, which had "J–B Drilling Company" typed in, allowed the maker to identify the contractor's business form. Jarzombek's summary judgment proof established that GCWSC prepared the contract and struck through "an individual" and "a partnership", leaving only "a corporation" as the contractor's business form. Furthermore, on the signature page of the contract, Jarzombek signed as follows:

CONTRACTOR:

J–B DRILLING COMPANY

BY _____/s/_____

Name Edward Jarzombek, President

Jarzombek established that Jonnie Bruns signed on behalf of GCWSC and typed in "President" on the line which asked for his title. Jarzombek also presented a sworn affidavit asserting that he is the president of a corporation known as "Edward Jarzombek, Inc., d/b/a J–B Drilling Company."

GCWSC's contends that throughout its dealings with Jarzombek, Jarzombek presented inconsistent statements about the organization of his business. GCWSC refers us to the following actions by Jarzombek: (1) the signature page of the bid submitted by Jarzombek reflects Jarzombek's signature as an individual followed by designation of his company as "J–B Drilling Company"; (2) Jarzombek's deposit on his bid reflects "J–B Drilling Company" as the remitter; (3) Jarzombek accepted and signed the first work change order individually without reference to "Edward Jarzombek, Inc."; and (4) the actual contract reflects Jarzombek's individual signature as "President" of "J–B Drilling Company" which is improper because "J–B Drilling Company" is not a corporation but only an assumed name of a corporate entity known as "Edward Jarzombek, Inc." GCWSC contends that it became confused by Jarzombek's inconsistencies and ultimately believed it was dealing with an individual and not a corporation.

We are aware that in order to avoid personal liability, an agent has the duty to disclose not only that he is acting in a representative capacity but also the identity of his principal. *A to Z Rental Center v. Burris,* 714 S.W.2d 433, 435 (Tex.App.—Austin 1986, writ ref'd n.r.e.). Additionally, courts have held that use of a trade name in a contract is not sufficient disclosure of the identity of a principal and the fact of agency. *Lachmann v. Houston Chronicle Publishing Co.,* 375 S.W.2d 783 (Tex.Civ.App.—Austin 1964, writ ref'd n.r.e.). However, use of the word "company" in a business name is sufficient to charge a person dealing with the business with notice that the business may be incorporated. *Lassiter v. Rotogravure Committee, Inc.,* 727 S.W.2d 8, 10 (Tex.App.—Dallas 1987, writ ref'd n.r.e.). Here, the designation "J–B Drilling Company" was enough to give notice of corporate status because of the word "company" in the assumed name. More compelling, however, is the fact that when the contract was prepared, the "individual" designation was stricken. This evidence clearly establishes that GCWSC had actual knowledge of the corporate status and did not intend to include Jarzombek individually.

We are unpersuaded by GCWSC's arguments and conclude that GCWSC failed to

raise any genuine fact issue. The fact that the "individual" designation was stricken clearly establishes that the parties did not intend to include Jarzombek individually. The contract is not ambiguous and can be construed as a matter of law.

### b. Privity

Privity is an essential element to any recovery in an action based on contract. *Major Inv., Inc. v. De Castillo*, 673 S.W.2d 276, 279 (Tex.App.—Corpus Christi 1984, writ ref'd n.r.e.). Thus, maintenance of an action for breach of contract generally requires privity between the party damaged and the party sought to be held liable. *Boy Scouts of Am. v. Responsive Terminal Sys.*, 790 S.W.2d 738, 747 (Tex.App.—Dallas 1990, writ denied). The plaintiff has the burden of proving that the defendant has obligated himself under the contract. *Miles v. Plumbing Serv. of Houston, Inc.*, 668 S.W.2d 509, 512 (Tex.App.—Houston [14th Dist.] 1984, writ ref'd n.r.e.).

The contract presented by Jarzombek as summary judgment proof establishes that privity exists only between GCWSC and J–B Drilling Company. GCWSC fails to produce any summary judgment proof showing an obligation owed by Jarzombek to GCWSC.

### c. Alter Ego

The corporate form normally insulates shareholders, officers, and directors from personal liability for corporate obligations; but when these individuals abuse the corporate privilege, courts will disregard the corporate fiction and hold them individually liable. *Castleberry v. Branscum*, 721 S.W.2d 270, 271 (Tex.1986); *Gentry v. Credit Plan Corp. of Houston*, 528 S.W.2d 571, 573 (Tex.1975); *Bell Oil & Gas Co. v. Allied Chem. Corp.*, 431 S.W.2d 336, 340 (Tex.1968).

We disregard the corporate fiction, even though corporate formalities have been observed, and, corporate and individual property have been kept separate, when the corporate form has been used as part of a basically unfair device to achieve an inequitable result. *Castleberry*, 721 S.W.2d at 272;

*Bell*, 431 S.W.2d at 340. Specifically, we disregard the corporate fiction:

(1) when the fiction is used as a means of perpetrating fraud;

(2) where a corporation is organized and operated as a mere tool or business conduit of another corporation;

(3) where the corporate fiction is resorted to as a means of evading an existing legal obligation;

(4) where the corporate fiction is employed to achieve or perpetrate monopoly;

(5) where the corporate fiction is used to circumvent a statute; and

(6) where the corporate fiction is relied upon as a protection of crime or to justify wrong.

*Castleberry*, 721 S.W.2d at 272. However, the fact that a majority or even all of the stock in a corporation is owned by a single individual does not of itself make the corporation the alter ego of the individual. *Aztec Management and Inv. Co. v. McKenzie*, 709 S.W.2d 237, 239 (Tex.App.—Corpus Christi 1986, no writ) (*citing Massachusetts v. Davis*, 140 Tex. 398, 168 S.W.2d 216, 224 (1942), *cert. denied*, 320 U.S. 210, 63 S.Ct. 1447, 87 L.Ed. 1848 (1943).

GCWSC contends that because Jarzombek held himself out at times as president of a corporation and at other times as individual owner of a sole proprietorship, doing business as "J–B Drilling Company," a genuine issue of fact exists which warrants piercing the corporate veil to hold Jarzombek individually liable. We disagree.

GCWSC has failed to present proof that Jarzombek's actions rise to the level of deception and guile outlined by the Texas Supreme Court in *Castleberry*. We, therefore, find appellant's claim of alter ego without merit.

Accordingly, we overrule GCWSC's single point of error and AFFIRM the trial court's judgment.