Affirmed in part, Reversed and Remanded in part, and Memorandum Opinion
filed June 5, 2007








Affirmed in part, Reversed and Remanded in part, and Memorandum Opinion filed
June 5, 2007.

                                                                        

In The

 

Fourteenth Court of
Appeals

_______________

 

NO. 14-06-00641-CV

_______________

 

SAP TRADING INC., Appellant

 

V.

 

MOHAMMED SOHANI and AAA KING CORP., d/b/a 

KING IMPORTER AND WHOLESALER, Appellees

                                                  
                                                                                             

On Appeal from the County Civil Ct. at Law No. 2

Harris County, Texas

Trial Court Cause No. 819392

                                                          
                                                                                     

 

M E M O R A N D U M   O P I N I O N

In this suit on a sworn account, SAP
Trading, Inc. (ASAP@) appeals a judgment awarding it recovery against Mohammed
Sohani and AAA King Corporation (AAAA@), d/b/a King Importer and
Wholesaler, on the grounds that the trial court erred by: (1) granting
appellees= motion for new trial; (2) failing to also hold Mohammed Sohani
individually liable; (3) failing to include pre-judgment and post-judgment
interest in the judgment; and (4) failing to award court costs and attorney=s fees against appellees.  We affirm
in part and reverse and remand in part.

 








Background

SAP filed this suit to collect an
amount due from appellees for goods SAP sold to them.  After a non-jury trial,
the trial court entered a judgment awarding recovery to SAP.  Appellees then
filed a motion for new trial, which was granted, a second trial was held, and
the trial court entered the judgment now being appealed.

Motion for New Trial

SAP=s first issue challenges the trial
court=s granting of appellees= motion for new trial.  However, an
order granting a motion for new trial rendered within the period of the trial
court's plenary power is not reviewable on appeal.  Wilkins v. Methodist
Health Care Sys., 160 S.W.3d 559, 563 (Tex. 2005).[1] 
Here, the trial court=s first judgment was signed on April 6, 2005, appellees= motion for new trial was filed on
April 21, and it was granted on June 16, 2005, within the trial court=s plenary power.[2] 
Therefore, SAP=s first issue is overruled.

Sohani=s Individual Liability

SAP=s second issue challenges the trial
court=s failure to hold Sohani individually
liable, in addition to AAA, for the amount awarded.  SAP argues that to avoid
personal liability, Sohani, as an agent of AAA, had a duty to disclose both
that he was acting in a representative capacity and the identity of his
principal, which SAP claims he did not do. 








If an agent acts within the scope of
his authority but fails to disclose the fact of his agency, then both the agent
and principal can be liable.  See Heffron v. Pollard, 73 Tex. 96, 11
S.W. 165, 166 (1889); Wynne v. Adcock Pipe & Supply, 761 S.W.2d 67,
69 (Tex. App.CSan Antonio 1988, writ denied).  However, a third party cannot recover
the same damages from both an agent and his principal, but must instead elect
one against whom to take a judgment.  See, e.g., Heffron, 11 S.W.
at 166; Resolution Trust Corp. v. Park Leasing Co., 855 S.W.2d
220, 225 (Tex. App.CWaco 1993, writ denied); Wynne, 761 S.W.2d at 69. 
Because SAP=s second issue thus seeks a judgment improperly holding both AAA and
Sohani liable for the same damages as principal and agent, it affords no basis
for relief and is overruled.[3]

Pre- & Post-Judgment Interest

SAP=s third issue contends that the trial
court erred in failing to include pre-judgment and post-judgment interest in
the final judgment.  There are three possible sources for an award of
pre-judgment interest: (1) an agreement between the parties; (2) an enabling
statute; or (3) common law principles.  See Johnson & Higgins of Tex.,
Inc. v. Kenneco Energy, Inc., 962 S.W.2d 507, 530 (Tex. 1998); Preston
Farm & Ranch Supply Inc. v. Bio-Zyme Enter., 625 S.W.2d 295, 297B99 (Tex. 1981).  SAP contends that it
is entitled to pre-judgment interest solely pursuant to Texas Finance Code
section 302.002, which it claims addresses cases where there is no agreement
for interest.








However, section 302.002  prescribes
the rate of Alegal interest@ a Acreditor@ may charge.  See Tex. Fin. Code Ann. ' 302.002 (Vernon 2006).[4] 
Because the definitions of Alegal interest@ and Acreditor@ expressly exclude a judgment
creditor and judgment interest, respectively, this court has held that section
302.002 does not apply to an award of pre-judgment interest.  See Walden v.
Affiliated Computer Servs., Inc., 97 S.W.3d 303, 330 (Tex. App.CHouston [14th Dist.] 2003, pet.
denied).  Therefore, SAP=s third issue does not demonstrate that it was entitled to
recover pre-judgment interest and is overruled to that extent.[5]








SAP contends that it is entitled to
post-judgment interest pursuant to Texas Finance Code section 304.001.  Post‑judgment
interest is mandated by section 304.001 of the Texas Finance Code,[6]
and is recoverable whether or not specifically awarded in the judgment.[7] 
Here, SAP pleaded for, and is entitled to, post‑judgment interest on the
amount of monetary damages awarded to it at the rate specified in Texas Finance
Code section 304.003.  See Tex. Fin. Code Ann. ' 304.003 (Vernon 2006).  Accordingly,
SAP=s third issue is sustained to that
extent.

Court Costs and Attorney=s Fees

SAP=s fourth issue contends that the
trial court erred in failing to assess court costs against the appellees
because Texas Rule of Civil Procedure 131 states a successful party Ashall@ recover its costs.

With exceptions not applicable here,
a successful party[8] to a suit is
entitled to recover its costs from the losing party.  Tex. R. Civ. P. 131; Furr's
Supermarkets, Inc. v. Bethune, 53 S.W.3d 375, 376 (Tex. 2001).  However, a
trial court may, for good cause, stated on the record, adjudge
the costs otherwise.  Tex. R. Civ. P. 141; Bethune, 53 S.W.3d at 376. 
"Good cause" usually results when the prevailing party unnecessarily
prolongs the proceedings, unreasonably increases costs, or otherwise does
something that should be penalized.  Bethune, 53 S.W.3d at 377.  A trial
court's ruling on costs under Rule 141 is reviewed for abuse of discretion.  Id.
at 376.

Here, SAP was the successful party in
the suit against AAA.  Thus, SAP was entitled to be awarded court costs unless
the trial court found good cause to deny that recovery.  Because the trial
court neither awarded SAP court costs nor stated on the record any good cause
that would justify not awarding such costs, its failure to do one or the other
was an abuse of discretion.  See, e.g., Bethune, 53 S.W.3d at
378; Clovis Corp. v. Lubbock Nat=l Bank, 194 S.W.3d 716, 720B21 (Tex. App.CAmarillo 2006, no pet. h.). 
Accordingly, SAP=s fourth issue is sustained.  








SAP=s fifth issue contends that the trial
court erred in failing to award attorney=s fees against appellees because: (1)
it is mandatory that a plaintiff recovering on a valid oral contract claim is
awarded attorney=s fees; (2) testimony was given concerning SAP=s reasonable attorney=s fees; and (3) the fees were
especially warranted in this case because of appellees= conduct in refusing to pay the
amount due.

The decision to grant or deny
attorney's fees and costs is normally reviewed for abuse of discretion.  Comm'rs
Ct. of Titus County v. Agan, 940 S.W.2d 77, 81 (Tex. 1997).  However, some
statutes remove that discretion from the trial court.  Bocquet v. Herring,
972 S.W.2d 19, 20 (Tex. 1998).  Statutes stating that a party Amay recover,@ Ashall be awarded,@ or Ais entitled to@ attorney's fees are not
discretionary.  Id.  For a claim on a sworn account, the applicable
statute provides that A[a] person may recover reasonable attorney's fees from
an individual or corporation, in addition to the amount of a valid claim and
costs . . . .@  Tex. Civ. Prac. & Rem. Code Ann. ' 38.001(7) (Vernon 1997) (emphasis
added).  Therefore, the award of such attorney=s fees is not discretionary.  Bocquet,
972 S.W.2d at 20.

In addition, to recover attorney's
fees under section 38.001, a party must (1) prevail on a cause of action for
which attorney's fees are recoverable, and (2) recover damages.  Green Int=l Inc. v. Solis, 951 S.W.2d 384, 390 (Tex. 1997). 
Here, SAP obtained a judgment and recovery of actual damages against AAA. 
Therefore, SAP is entitled to attorney=s fees, and its fifth issue is
sustained.            

Accordingly, we reverse, in part, and
remand this case to the trial court to determine and award SAP post-judgment
interest, court costs, and attorney=s fees.  The remainder of the trial
court's judgment is affirmed.

 

 

 

/s/        Richard H. Edelman

Justice

 

 

Judgment rendered and Memorandum
Opinion filed June 5, 2007.

Panel consists of Justices Yates,
Edelman, and Seymore.









[1]           See also Johnson v. Fourth Ct. App.,
700 S.W.2d 916, 918 (Tex. 1985) (noting only two recognized instances when a
Texas appellate court has overturned the trial court's grant of a new trial:
(1) when the trial court's order was wholly void; and (2) where the trial court
specified in the written order that the sole ground for granting the motion was
that the jury's answers to special issues were irreconcilably conflicting). 





[2]           See Tex. R. Civ. P. 329b(a), (c),
(e). 





[3]           SAP contends that it would not be improper
to have judgment against both appellees because it pled the equitable theories
of unjust enrichment and quantum meruit.  However, unjust enrichment and quasi‑contract
theories are inapplicable where, as in this case, the parties have an express
contract covering the same subject matter.  See Fortune Prod. Co. v. Conoco,
Inc., 52 S.W.3d 671, 684 (Tex. 2000).





[4]           Under the Finance Code, a Acreditor@ is a person who loans money and an Aobligor@ is a person to whom money is
loaned.  Tex. Fin. Code Ann. ' 301.002(a)(3) & (13) (Vernon 2006).  Section 302.002
states:

If a creditor
has not agreed with an obligor to charge the obligor any interest, the creditor
may charge and receive from the obligor legal interest at the rate of six
percent a year on the principal amount of the credit extended beginning
on the 30th day after the date on which the amount is due.  If an obligor has
agreed to pay to a creditor any compensation that constitutes interest, the
obligor is considered to have agreed on the rate produced by the amount of that
interest, regardless of whether that rate is stated in the agreement.          

See  id.  (emphasis added).





[5]           There is a split of authority among Texas
Courts of Appeals and among this court's cases concerning whether an award of
pre‑judgment interest is mandatory.  Some courts, including this one,
have held that pre-judgment interest should be awarded as a matter of course. 
See Apache Corp. v. Dynegy Midstream Servs., Ltd. P'ship, 214 S.W.3d 554,
566 (Tex. App.CHouston [14th Dist.] 2006, no pet.) (stating a
prevailing party is awarded  pre-judgment interest as a matter of course); Baker
Hughes Oilfield Operations, Inc. v. Hennig Prod. Co., 164 S.W.3d 438, 447
(Tex. App.CHouston [14th Dist.] 2005, no pet.) (holding same). 
However, the majority of courts, also including this court, have held that
awards of pre‑judgment interest are within the trial court=s discretion.  See, e.g., Citizens Nat=l Bank v. Allen Rae Invs., Inc., 142 S.W.3d 459, 487 (Tex. App.CFort Worth 2004, no pet.) (stating, in a review of the
trial court=s interest calculations, that where no statute
controls the award of pre-judgment interest, the decision to award
pre-judgment interest is left to the sound discretion of the trial court); Marsh
v. Marsh, 949 S.W.2d 734, 744 (Tex. App.CHouston
[14th Dist.] 1997, no writ) (applying, in a review of trial court=s pre-judgment interest calculations, abuse of
discretion standard); Larcon Petroleum, Inc. v. Autotronic Sys., Inc.,
576 S.W.2d 873, 879 (Tex. Civ. App.CHouston
[14th Dist.] 1979, no writ) (stating, in a review of the trial court=s interest calculation, that a trial court is
permitted, but not required, to award pre-judgment interest under the authority
of a statute, or under an equitable theory, or under both).





[6]           See Tex. Fin. Code Ann. ' 304.001 (Vernon 2006) (AA money judgment of a court in this state must specify the
post-judgment interest rate applicable to that judgment.@).





[7]           See, e.g., Attorney Gen. of Tex.
v. Lee, 92 S.W.3d 526, 528 (Tex. 2002); Jarrin v. Sam White Oldsmobile
Co., 929 S.W.2d 21, 25 (Tex. App.CHouston
[1st Dist.] 1996, writ denied); Golden v. Murphy, 611 S.W.2d 914, 916
(Tex. Civ. App.CHouston [14th Dist.] 1981, no writ).





[8]           A "successful party" under the
rules is one that obtains a judgment vindicating a civil right.  Bayer Corp.
v. DX Terminals, Ltd., 214 S.W.3d 586, 611B12 (Tex. App.CHouston [14th Dist.] 2006, pet. filed).  Whether a
party is successful must be based upon success on the merits, and not on
whether or not damages were awarded.  Perez v. Baker Packers, 694 S.W.2d
138, 143 (Tex. App.CHouston [14th Dist.] 1985, writ ref'd n.r.e.)
(interpreting Tex. R. Civ. P. 131).