

NUMBER 13-11-00052-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

GUSTAVO G. VELA, **Appellant,**

**v.**

ANTONIO COLINA, **Appellee.**

## On appeal from the County Court at Law No. 2
## of Hidalgo County, Texas.

## MEMORANDUM OPINION

### Before Chief Justice Valdez and Justices Garza and Benavides
### Memorandum Opinion by Justice Garza

This is an appeal of a judgment awarding damages in a contract dispute. Appellant, Gustavo G. Vela, argues by three issues that the trial court erred in rendering judgment awarding $24,000 in damages, plus attorney's fees, costs, and interest, to appellee, Antonio Colina. We affirm as modified.

## I. BACKGROUND

Colina filed a breach-of-contract suit[1] against Vela on November 16, 2009. In his original petition, Colina alleged that he loaned $50,000 to Vela in exchange for Vela's promise to repay the principal amount, plus $1,000 in interest, in thirty days. Colina acknowledged that Vela has paid him $27,000, leaving a $24,000 balance on the loan, including interest.

Vela was served with process and filed an answer generally denying Colina's accusations and asserting various affirmative defenses, including defenses based on Texas Rule of Civil Procedure 31 and Texas Civil Practice and Remedies Code section 17.001. *See* TEX. R. CIV. P. 31; TEX. CIV. PRAC. & REM. CODE ANN. § 17.001 (West 2008). Specifically, Vela claimed that the $50,000 loan was actually made to McAllen International Cold, Inc. ("MIC"), a cold-storage business owned by Vela, and not to Vela personally, though Vela admits that he did personally guarantee the loan. Because of this, and because MIC was not named as a defendant, Vela argues that he, personally, was not a proper party to the lawsuit. *See* TEX. R. CIV. P. 31 ("No surety shall be sued unless his principal is joined with him . . . ."); TEX. CIV. PRAC. & REM. CODE ANN. § 17.001 ("[A] judgment may not be rendered against a party not primarily liable unless judgment is also rendered against the principal obligor . . . ."). Colina subsequently filed an amended petition naming MIC as a defendant along with Vela, and claiming that both MIC and Vela breached the contract.

At trial, which was before the bench, Colina pointed to a letter authored by Vela on MIC letterhead, dated September 8, 2008, as evidence of the parties' agreement. The letter stated, in its entirety: "Please find our agreement to borrow $50,000 USD for

---

[1] In his original petition, Colina also asserted claims of conversion, fraud, and negligence.

the term of one month guaranteed by our check 13313 and for the interst [sic] charge of $1,000 totatling [sic] $51,000[.] This includes the unconditional personal guarantee from Gustavo Vela[.]"[2] On November 8, 2008, Vela attempted to repay the loan in full by a check drawn on MIC's account, but the check bounced. On cross-examination, Colina conceded that the $27,000 repaid by Vela was since made by various other checks drawn on MIC's account, and that Colina did accept and cash those checks.

Vela testified that the loan was made to MIC, not to himself personally, and that he was a mere guarantor of the loan. He stated that Colina was not repaid in full because MIC "did not have the funds," though he admitted that MIC continued to function as an ongoing business concern throughout the relevant time period.

After both parties rested, the trial court denied an oral motion for directed verdict urged by Vela. The trial court also denied a post-trial "Motion for Judgment" filed by Vela. The trial court subsequently rendered judgment in favor of Colina, finding specifically that: (1) Colina entered into a valid, enforceable contract with Vela and MIC; (2) even though Vela claimed that the loan was made to MIC exclusively, Colina's $50,000 check "was made payable to [Vela] personally, and said check was negotiated by deposit by [Vela]"; (3) both Vela and MIC were therefore parties to the contract and both were in privity of contract with Colina; and (4) "[t]he evidence presented showed that [Vela] is alternatively liable as guarantor of the loan in that [MIC] was properly before the Court." The trial court concluded that Vela and MIC are jointly and severally indebted to Colina for the outstanding loan balance, interest, and attorney's fees, and that Vela is also "personally indebted as guarantor" for those amounts.

---

[2] The letter was signed by Vela but did not state his title or position as owner and officer of MIC. The letter was not signed by Colina.

3

This appeal followed.[3]

## II. DISCUSSION

Vela raises the following three issues on appeal[4]: (1) the trial court erred by admitting the September 8, 2008 letter into evidence; (2) the evidence was insufficient to support the judgment; and (3) the trial court erred by denying Vela's oral motion for directed verdict and post-trial "Motion for Judgment."

## A. Admission of September 8, 2008 Letter

By his first issue, Vela argues that the trial court erred by admitting into evidence the September 8, 2008 letter from Vela to Colina because its admission was barred by the best evidence rule. *See* TEX. R. EVID. 1002. Vela further argues that, because the letter should have been excluded, Colina's suit fails pursuant to the statute of frauds. *See* TEX. BUS. & COMM. CODE ANN. § 26.01(a), (b)(2) (West 2009) (stating that "a promise by one person to answer for the debt, default, or miscarriage of another person" is unenforceable unless it is made in writing and signed by the person to be charged with the promise). We review a trial court's decision to admit evidence for abuse of discretion. *In re J.P.B.*, 180 S.W.3d 570, 575 (Tex. 2005).

The best evidence rule provides generally that, to prove the content of a writing, the original writing must be produced. TEX. R. EVID. 1002. "A duplicate is admissible to the same extent as an original unless (1) a question is raised as to the authenticity of

---

[3] Colina has not filed an appellee's brief to assist us in the resolution of this matter.

[4] On appeal, Vela raises an issue challenging the trial court's initial failure to file findings of fact and conclusions of law pursuant to his requests. *See* TEX. R. CIV. P. 296, 297. No findings or conclusions originally appeared in the appellate record. However, noting that findings and conclusions "are necessary for the proper resolution of th[is] appeal," we abated the appeal on July 26, 2011 and ordered the trial court to enter such findings and conclusions. *See Tenery v. Tenery*, 932 S.W.2d 29, 30 (Tex. 1996); *Cherne Indus. Inc. v. Magallanes*, 763 S.W.2d 768, 771 (Tex. 1989). The trial court did so on September 2, 2011. Accordingly, this issue is moot.

4

the original or (2) in the circumstances it would be unfair to admit the duplicate in lieu of the original." TEX. R. EVID. 1003. The best evidence rule does not apply if the original writing is lost, destroyed, not obtainable, not located in Texas, in the possession of an opponent, or "not closely related to a controlling issue." TEX. R. EVID. 1004.

Vela asserts that "[t]he language 'Please find our agreement' in the September 8, 2008 letter . . . can only mean that the actual original contract was attached to the cover letter, yet [Colina] did not produce nor admit any original signed contract . . . ." Essentially, Vela claims that the letter was not the actual contract but rather was a cover letter referencing the contract, and therefore the admission of the letter ran afoul of the best evidence rule.

We note first that it is not clear that Vela has preserved this issue for our review. Vela's counsel originally objected to the letter's admission into evidence on both statute of frauds and best evidence grounds. At that point, without ruling on the objection, the trial court permitted Vela's counsel to examine Colina on voir dire. When Vela's counsel concluded his questioning, he reiterated his objection on statute of frauds grounds, but he did not reiterate his best evidence objection. The trial court then ruled that the letter was admitted, thereby implicitly overruling any objections. We are not convinced that Vela's counsel either made the trial court sufficiently aware of his best evidence objection or that he pursued that objection to an adverse ruling by the trial court. *See* TEX. R. APP. P. 33.1(a)(1)(A), (a)(2)(A).

Nevertheless, assuming that the issue has been preserved, we find that the trial court plainly did not err by admitting the letter into evidence. At trial, Vela repeatedly referred to the letter as "[t]he contract" in the context of asserting that the contract was

5

actually between Colina and MIC, not Colina and Vela. Colina, when asked by Vela's counsel on voir dire as to whether there was a different document constituting the actual contract, also stated that the letter "is the agreement." At no time did Vela testify that there existed a contract that was separate and distinct from the letter; nor did he testify that the letter was not the actual contract between the parties. In short, although Vela intimates that the September 8, 2008 letter was not the best evidence of the agreement between the parties, he has offered no evidence in support of that contention. Accordingly, the trial court did not abuse its discretion by admitting the letter into evidence, and Colina's suit was not barred by the statute of frauds.

Vela's first issue is overruled.

## B.    Sufficiency of the Evidence

By his second issue, Vela contends that the evidence adduced at trial was insufficient to support the trial court's judgment. Specifically, Vela argues that Colina "failed to prove that a valid contract existed" between Colina and Vela or MIC because (1) there was "no evidence of consideration paid" by Colina to Vela or MIC and (2) there was no evidence of mutual assent.[5] *See Sacks v. Haden*, 266 S.W.3d 447, 450 (Tex. 2008) ("A meeting of the minds is necessary to form a binding contract."); *Alex Sheshunoff Mgmt. Servs., L.P. v. Johnson*, 209 S.W.3d 644, 659 (Tex. 2006) ("[A] contract] must be supported by consideration to be enforceable."). We construe these sub-issues as challenges to the legal sufficiency of the evidence supporting the elements of consideration and mutual assent.

---

[5] Vela also argues by his second issue that Colina "failed to prove that he fulfilled all conditions precedent" to enforcement of the contract. By "conditions precedent," Vela seems to be referring only to Colina's alleged obligation to sue MIC in addition to Vela. *See* TEX. R. CIV. P. 31. We consider this argument *infra* section II.C.

Evidence is legally sufficient if it would enable reasonable and fair-minded people to reach the verdict under review. *City of Keller v. Wilson*, 168 S.W.3d 802, 823 (Tex. 2005). In evaluating the legal sufficiency of the evidence, "we credit evidence that supports the verdict if reasonable jurors could, and disregard contrary evidence unless reasonable jurors could not." *Kroger Tex. Ltd. P'ship v. Suberu*, 216 S.W.3d 788, 793 (Tex. 2006) (citing *City of Keller*, 168 S.W.3d at 827).

Vela first claims that there is no evidence of consideration because the $50,000 check made out to Vela was signed by, and drawn on an account held by, Colina's wife Graciela. However, it is not necessary that a contracting party itself furnish the consideration to support a contract; it may be given by another person. *TCA Bldg. Co. v. Entech, Inc.*, 86 S.W.3d 667, 672 (Tex. App.—Austin 2002, no pet.) (citing RESTATEMENT (SECOND) OF CONTRACTS § 71(4) (1981)). All that is required is for the promisor to receive a benefit or the promisee to incur a detriment. *Fort Worth Indep. Sch. Dist. v. City of Fort Worth*, 22 S.W.3d 831, 841 (Tex. 2000). It is undisputed that Vela, as the promisor, received a benefit in the form of the $50,000 check cut by Graciela. The evidence was therefore legally sufficient to establish the consideration element.

Vela next argues that the evidence was insufficient to support the trial court's implicit finding that the parties mutually assented to the loan agreement. Mutual consent or assent is often described as a "meeting of the minds" of the parties regarding the subject matter and all essential terms of the contract. *Potcinske v. McDonald Prop. Invs.*, 245 S.W.3d 526, 528–29 (Tex. App.—Houston [1st Dist.] 2007, no pet.); *Choctaw Props., L.L.C. v. Aledo Indep. Sch. Dist.* 127 S.W.3d 235, 245 (Tex. App.—Waco 2003,

no pet.). The determination of a meeting of the minds is based on the objective standard of what the parties said and did, not on their subjective states of mind. *Parker Drilling Co. v. Romfor Supply Co.*, 316 S.W.3d 68, 75 (Tex. App.—Houston [14th Dist.] 2010, pet. denied). This determination is a question of fact, and the factfinder's decision that one party reasonably drew the inference of a promise from the other party's conduct will be given legal effect. *Id.* The parties' conduct determines the terms of the contract on which the parties' minds met. *Id.*

In arguing that there was no "meeting of the minds," Vela points specifically to the following exchange at trial:

Q. [Vela's counsel] . . . My first question to you is do you understand what a guarantee is?

A. [Colina] Yes, I mean, I suppose that means [Vela]'s responsible to pay it.

Q. Right, but a guarantee—do you know how it works? Do you know how a guarantee works?

A. Well . . . I guess I don't. I mean, like I said, I lent the money to Mr. Vela. . . . As far as I'm concerned, he was responsible to pay me back that money. . . . And that's all I know.

Vela argues on appeal that, because Colina stated that he did not know how a guarantee works, there was no mutual assent to the essential terms of the contract. We disagree. Essential or material terms have been defined as those terms that the parties would reasonably regard as vitally important elements of their bargain. *Neeley v. Bankers Trust Co.*, 757 F.2d 621, 628 (5th Cir. 1985) (construing Texas law). "Each contract should be considered separately to determine its material terms." *T.O. Stanley Boot Co. v. Bank of El Paso*, 847 S.W.2d 218, 221 (Tex. 1992). Here, Vela complains

8

solely of Colina's apparent admission that he did not know "how a guarantee works," but knowledge of how a guarantee works was not "vitally important" to the parties' bargain. Instead, under these circumstances, the material terms of the agreement were the names of the parties, the amount to be loaned, the amount of interest due, and the date of the loan's maturity. The record reflects that Colina was aware of all of these terms. Further, Vela failed to explicitly state in the September 8, 2008 letter that the loan was being made to MIC, and Vela accepted the $50,000 check representing the loan proceeds, which was made out to Vela personally. From this conduct, Colina could have reasonably inferred that Vela promised, in his personal capacity, to pay back the loan. We will not disturb the trial court's finding to that effect. *See Parker Drilling Co.*, 316 S.W.3d at 75.

We conclude that the evidence was sufficient to establish mutual assent. Vela's second issue is overruled.

## C.    Motion for Directed Verdict

By his third issue, Vela contends that the trial court erred in denying his motion for directed verdict and post-trial "Motion for Judgment" because (1) Colina judicially admitted that Vela was a guarantor and not a principal on the loan, and (2) MIC was not properly before the trial court because it was not served with process. A directed verdict is proper when a defect in the opponent's pleadings makes them insufficient to support a judgment, the evidence conclusively proves a fact that establishes a party's right to judgment as a matter of law, or the evidence offered on a cause of action is insufficient to raise an issue of fact. *Koepke v. Martinez*, 84 S.W.3d 393, 395 (Tex. App.—Corpus Christi 2002, pet. denied).

9

First, Vela asserts that Colina judicially admitted that Vela was a guarantor and not a principal because Colina eventually named MIC as a defendant and claimed that MIC breached the contract at issue. We disagree. Colina's allegation that MIC is principally liable on the loan does not constitute an admission that Vela was not so liable; there is nothing contradictory or inconsistent in alleging that both MIC and Vela were principal obligors under the terms of the contract.

In the next part of Vela's third issue, he contends that the trial court erred in determining that MIC was properly before it in the case. We agree with that contention. Colina added MIC as a defendant after Vela filed his initial answer. However, Colina did not attempt to serve MIC with process after he added MIC as a defendant; instead, Colina merely delivered his amended petition to Vela's counsel, which he assumed was also MIC's counsel. Texas Rule of Civil Procedure 21a states that

> Every notice required by these rules, and every pleading, plea, motion, or other form of request required to be served under Rule 21, *other than the citation to be served upon the filing of a cause of action* and except as otherwise expressly provided in these rules, may be served by delivering a copy to the party to be served, or the party's duly authorized agent or attorney of record . . . .

TEX. R. CIV. P. 21a (emphasis added). Under this rule, delivery of Colina's amended petition to Vela's counsel was not the equivalent of serving MIC with process. Moreover, MIC did not file an answer or any other pleadings or papers with the trial court. *See* TEX. R. CIV. P. 121 ("An answer shall constitute an appearance of the defendant so as to dispense with the necessity for the issuance or service of citation upon him.").

10

At trial, when Vela moved for directed verdict on grounds that MIC, as the principal obligor, had not been served, *see* TEX. R. CIV. P. 31, Colina's counsel could muster only the following rebuttal:

> Judge, we filed a Motion to Amend [Petition]. We sent it over to [Vela]'s counsel. He was served via that. Mr. Vela is obviously—he's here to testify, simply, on behalf of the company. "The company got the debt. We haven't paid it back. I never borrowed it personally." I mean, it's clear as day that he was served. He's here in his capacity as the owner of the company. I mean, we filed the Amended Petition. We sent it to counsel.

Beyond counsel's conjecture, there is nothing in the record indicating that Vela appeared "simply . . . on behalf of the company." On the contrary, Vela's appearance in his personal capacity did not constitute a general appearance on behalf of MIC. *See* TEX. R. CIV. P. 120 (providing that the entrance of a general appearance "shall have the same force and effect as if the citation had been duly issued and served as provided by law"). A party enters a general appearance whenever it invokes the judgment of the court on any question other than the court's jurisdiction; if a defendant's act recognizes that an action is properly pending or seeks affirmative action from the court, that is a general appearance. *Dawson-Austin v. Austin*, 968 S.W.2d 319, 322 (Tex. 1998) (citing *Moore v. Elektro-Mobil Technik GMBH*, 874 S.W.2d 324, 327 (Tex. App.—El Paso 1994, writ denied)). There is nothing in the record indicating that MIC sought affirmative relief from the court or that it invoked the judgment of the court on any question. We conclude that the trial court improperly exercised jurisdiction over MIC, which was never served with process.

It follows that Vela could not have been sued merely as a surety. Texas Rule of Civil Procedure 31 states that "[n]o surety shall be sued unless his principal is joined with him, or unless a judgment has previously been rendered against his principal,

11

except in cases otherwise provided for in the law and these rules." TEX. R. CIV. P. 31. Section 17.001 of the civil practice and remedies code provides in part that "a judgment may not be rendered against a party not primarily liable [on a contract] unless judgment is also rendered against the principal obligor." TEX. CIV. PRAC. & REM. CODE ANN. § 17.001(a).[6] Here, as noted, while Vela was served with process and was properly before the trial court, MIC was not. Therefore, Colina's suit is viable only if the evidence supported the trial court's finding that Vela was a principal on the loan, and not just a surety. *See* TEX. R. CIV. P. 31.

We find that the evidence was sufficient in that regard. In general, a person making a contract with another as agent for a disclosed principal does not become a party to the contract; but an agent of a disclosed principal will be held personally liable if the agent substitutes the agent's own responsibility for that of the principal, or pledges the agent's own responsibility in addition to that of the principal. *Collins v. Guinn*, 102 S.W.3d 825, 835 (Tex. App.—Texarkana 2003, no pet.); *A to Z Rental Ctr. v. Burris*, 714 S.W.2d 433, 435 (Tex. App.—Austin 1986, writ ref'd n.r.e.). In order to avoid personal liability, an agent must disclose both the fact that the agent is acting in a representative capacity and the identity of the principal. *Wynne v. Adcock Pipe & Supply*, 761 S.W.2d 67, 69 (Tex. App.—San Antonio 1988, pet. denied). The agent is not relieved of the responsibility to disclose this information merely because the third party has the means of discovering the principal's identity. *Id.* Actual knowledge of the real principal, not

---

[6] The statute also states that a surety on a contract may be sued without suing the principal obligor if the principal obligor: (1) is a nonresident; (2) cannot be located; (3) is dead; or (4) is "actually or notoriously insolvent." TEX. CIV. PRAC. & REM. CODE ANN. § 17.001(b). None of those exceptions are applicable here.

12

suspicion, is the test. *Hideca Petroleum v. Tampimex Oil Int'l*, 740 S.W.2d 838, 842 (Tex. App.—Houston [1st Dist.] 1987, no writ).

The September 8, 2008 letter, authored by Vela, was printed on MIC letterhead. The letter referred to "our agreement to borrow" and stated that the loan is "guaranteed by our check," which could indicate that Vela intended to write the letter in his capacity as owner and officer of MIC rather than in his individual capacity. Moreover, the letter referred to an "unconditional personal guarantee from Gustavo Vela," which would be superfluous if Vela was intended to be a principal on the loan. However, the letter did not state that Vela was acting as a representative of MIC, nor did it state Vela's position within the company. It did not explicitly state that the loan was being made to MIC. Colina testified that his understanding was that Vela promised to repay the loan personally.[7] While Colina knew that MIC was a company owned by Vela, there was no evidence presented that Colina had "actual knowledge" that MIC was the only principal borrower. And, as noted by the trial court, Vela accepted and deposited the $50,000 check representing the loan proceeds even though it was made out to Vela personally. Though there was conflicting evidence regarding whether Vela was principally liable for repaying the loan, we must defer to the trial court's resolution of that conflict. *See City of Keller*, 168 S.W.3d at 819.

---

[7] We note that loan agreements are generally not subject to the statute of frauds. *Cf.* TEX. BUS. & COMM. CODE ANN. § 26.01(a), (b)(2) (West 2009) (statute of frauds applicable to surety agreements). Accordingly, our analysis of the agreement between the parties in the instant case is not limited to the September 8, 2008 letter. Instead, we review the parties' words and conduct to determine the nature and content of the agreement. *See Inimitable Group, L.P. v. Westwood Group Dev. II, Ltd.*, 264 S.W.3d 892, 899 (Tex. App.—Fort Worth 2008, no pet.) ("In determining whether an oral contract exists, we 'look to the communications between the parties and to the acts and circumstances surrounding those communications.'") (quoting *Harris v. Balderas*, 27 S.W.3d 71, 77 (Tex. App.—San Antonio 2000, pet. denied)).

We conclude that the evidence was sufficient to support the trial court's finding that Vela, in his personal capacity, was a principal obligor. Accordingly, Colina was not required to sue and serve MIC in order to sustain his suit against Vela. Vela's third issue is overruled.

## III. CONCLUSION

We conclude that the trial court erred in determining that MIC was properly before the court. Accordingly, we modify the trial court's judgment to omit any reference to (1) MIC's joint and several liability, and (2) Vela's liability as guarantor or surety of the loan, *see* TEX. R. CIV. P. 31.

The judgment is affirmed as modified.

DORI CONTRERAS GARZA
Justice

Delivered and filed the
13th day of October, 2011.

14